378 A.2d 319

**COMMONWEALTH of Pennsylvania**

v.

**Ronald G. DANDAR, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 8, 1976.

Decided Oct. 6, 1977.

328

Ronald George Dandar, appellant, in *propria persona.*

Daniel J. Kuhn, Assistant District Attorney, Union City, for Commonwealth, appellee, at No. 580.

Thomas J. Ridge, Assistant District Attorney, and Robert H. Chase, District Attorney, Erie, for Commonwealth, appellee, at No. 710.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

WATKINS, President Judge:

These are appeals from the orders of the Court of Common Pleas of Erie County after conviction of the defendant-appellant, Ronald G. Dandar, under the Vehicle Code with reckless driving (75 P.S. § 1001) on October 24, 1974 and with a stop sign violation (75 P.S. § 1016(b)) on September 24, 1975. The defendant appeared pro se below and in these appeals.

In his appeal from the reckless driving charge, appellant challenges the sufficiency of the evidence presented against him. The Commonwealth presented one witness, Officer Dennis Tobin, a motorcycle policeman employed by the City of Erie. Officer Tobin testified that at 11:45 A.M. on the day in question he was patrolling the area of St. Luke's School on East 38th Street in Erie. He testified that the street was properly posted as a school zone so that the speed limit was 15 miles per hour and a guard was controlling a cross-walk area in the center of the block. It was during the lunch hour and there were about 40 to 50 children standing in the street ready to cross when a vehicle proceeded through the cross-walk area. The officer followed the vehicle; kept it constantly in view and from his "rolling speed" estimated the vehicle's speed as 45 to 50 miles per hour. When the vehicle was finally pulled over the officer identified the driver as the appellant. Although the appellant testified on his own behalf about an intervening vehicle containing a driver and a dog, which may have caused the officer confusion, the officer maintained that he had a constant clear view of the appellant. Since we are obliged to view all the evidence and reasonable inferences therefrom in a light most favorable to the Commonwealth, we affirm the adjudication made by the lower court. *Commonwealth v. Cropper*, 463 Pa. 529, 345 A.2d 645 (1975); *Commonwealth v. Massie*, 221 Pa.Super. 453, 292 A.2d 508 (1972).

The second appeal presents a different set of circumstances. In his appeal from the conviction for going through the stop sign, the appellant simply states that he never went through the stop sign or stop intersection as charged and we agree.

The Commonwealth presented the testimony of David Clarke, a police officer of the Wesleyville Police Department. He testified that on September 24, 1975, he was watching the intersection of Station Road and Shannon Road at approximately 9:30 P.M. He testified that there was a stop sign controlling Shannon Road as it entered Station Road. According to the officer, the appellant was operating his vehicle northwardly on Shannon Road approaching the stop intersection. As the appellant approached the intersection there were two vehicles stopped at the stop sign ahead of him. Instead of remaining in line with the other two vehicles, the appellant pulled into a service station on the corner of the intersection and proceeded onto Station Road from the other side of the station, avoiding the stop intersection entirely. On cross-examination, the officer testified as follows:

"Q. Officer Clarke, I didn't go through the stop sign. There were two cars in front of me.

"A. There were two waiting. Right . . .

"Q. The reason you wrote up the ticket was because I pulled in the station and didn't stop ——

"A. No.

"Q. When you stopped me up the road about a mile and a half?

"A. I was positive you had no intention of stopping.

"Q. But the reason you wrote the ticket up was because I pulled up and didn't stop?

"A. *It was because you went through the station to avoid the stop sign.*" (Emphasis—the opinion writer)

■ Section 1016(b) of the Vehicle Code in its operative language provides:

"It shall be unlawful for the driver or operator of any vehicle . . ., before *entering a stop intersection* to fail to come to a full stop, within a reasonable distance, *before entering the intersection,* when an official 'STOP' sign or signs have been erected in accordance with the provisions of this act." (Emphasis—the opinion writer) Since the appellant totally avoided the intersection the conviction under the above section cannot be sustained. If, indeed, the appellant went through the service station to avoid the controlled intersection, we cannot condone his actions; however, on the record before us we cannot say he is criminally liable as charged for doing so.

Judgment of sentence affirmed at No. 580 April Term, 1975, reckless driving charge; and judgment of sentence is reversed at No. 710 April Term, 1976, stop sign violation, and the defendant is discharged.