## Commonwealth v. Merkel

*Charles M. Guthrie, Jr., Assistant District Attorney,* for Commonwealth.

*William R. Bernhart,* for defendant.

ESHELMAN, J., August 20, 1980—At the conclusion of the trial in the instant case a jury found defendant guilty of homicide by vehicle[1] and recklessly endangering another person,[2] and the court found defendant guilty of racing on highways[3] and reckless driving.[4] Written motions for a new trial and in arrest of judgment were timely filed and subsequently briefed and argued. For the reasons set forth below defendant's motions are denied.

Looking at the evidence in the light most favorable to the verdict winner we find that on June 22, 1978, shortly before 5:30 p.m., defendant was driving a blue Chevrolet Nova southbound on the Pricetown Road, a two lane public highway located in Berks County, Pa. At the intersection of Route 73 and the Pricetown Road (popularly known as Breezy Corners) a white Chevrolet Nova, operated by one Kevin C. Caruso, pulled up behind defendant and proceeded to follow him. Both drivers then accelerated their vehicles to a speed of 80-85 miles per hour and proceeded to race on the highway in tandem.

Approximately 1.4 miles south of Breezy Corners the two drivers, still traveling at high speeds,

---

1. 75 Pa.C.S.A. §3732.

2. 18 Pa.C.S.A. §2705.

3. 75 Pa.C.S.A. §3367.

4. 75 Pa.C.S.A. §3714.

mounted a small hill and came upon one Bonnie L. Trainer as she was driving her Maverick automobile out of a private driveway and onto the southbound lane of the Pricetown Road. Defendant applied his brakes and veered to the left, i.e., northbound, lane in an attempt to avoid impact; however, this manuever occurred as Ms. Trainer was entering the northbound lane and the two cars collided. The force of the collision pushed Ms. Trainer's vehicle back into the southbound lane where it was struck by Mr. Caruso's Nova approximately one second later. Ms. Trainer died as a result of this accident.

Defendant first argues that his rights under Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973) (Campana I), vacated and remanded, 414 U.S. 808 (1973), on remand, 455 Pa. 622, 314 A. 2d 854 (1974) (Campana II), cert. denied, 417 U.S. 969 (1974), and sections 109 and 110 of the Crimes Code, 18 Pa.C.S.A. §§109 and 110, have been violated. We disagree.

Campana I held that a prosecutor must bring in a single proceeding all known charges against a defendant arising from a single criminal episode. Campana II held that this rule is based upon the Pennsylvania Supreme Court's supervisory powers. The Campana rule has been implemented by section 110 of the Crimes Code. See Com. v. Erisman, 247 Pa. Superior Ct. 476, 372 A. 2d 925 (1977); Com. v. Green, 232 Pa. Superior Ct. 134, 335 A. 2d 493 (1975). In essence, Campana and section 110 set forth a rule of compulsory joinder of offenses: Com. v. Splain, 242 Pa. Superior Ct. 503, 364 A. 2d 384 (1976).

The record before us reveals that a criminal complaint was filed on July 5, 1978 charging defendant

with two misdemeanors and three summary offenses. On August 2, 1978 the summary offense of driving too fast for conditions[5] was dismissed by the district justice at the close of the preliminary hearing. The remaining charges were bound over for trial. All the offenses that arose from the accident involving defendant and Ms. Trainer were consolidated and charged pursuant to one criminal complaint. No additional charges were ever brought against defendant. Under the facts of the case at bar the purpose of Campana and section 110 has been complied with, viz., "to protect the private citizen from harassment and oppression through repeated efforts by authorities to obtain a conviction, and to protect society's interest in avoiding piecemeal litigation of criminal cases which drains judicial and professional resources." Com. v. Thornton, 247 Pa. Superior Ct. 94, 97-98, 371 A. 2d 1343, 1345 (1977). We conclude that defendant's argument on this point is without merit.

Defendant contends that the trial court erred in refusing defendant's request to charge the jury that expert testimony is of a "low grade." The testimony in question is that of Corporal Robert M. Flannigan who testified at trial as an expert on automobile skid marks.

"Opinion evidence is correctly classified as 'low grade' in situations where the expert testifies not from personal observation but expresses an opinion in response to a hypothetical question. . . . The same classification is warranted where the expert's opinion, based on theoretical assumptions, is rebutted by direct evidence. . . ." Com. v. Thomas, 448 Pa. 42, 51, 292 A. 2d 352, 357 (1972) (citations

---

5. 75 Pa.C.S.A. §3361.

omitted); Com. v. Jackson, 481 Pa. 426, 392 A. 2d 1366 (1978). Corporal Flannigan arrived on the scene shortly after the accident had occurred. He personally measured the skid marks left on the Pricetown Road by defendant's vehicle and he testified about these marks at trial. The defense offered Mrs. Janice Gail Care, defendant's mother, who photographed these same marks the day after the accident but gave no testimony to rebut any of Corporal Flannigan's findings. Therefore, this case lacks the basis needed before a "low grade" evidence instruction may be given to the jury. There was no error in denying defendant's request for said change.

Defendant maintains that the trial judge erred in refusing to admit an allegedly exculpatory declaration. This declaration was an oral motion, made by an assistant district attorney at the preliminary hearing in this case, to dismiss the summary offense of driving too fast for conditions. The trial court refused to allow this statement into evidence.

The decision whether to admit or exclude evidence is within the sound discretion of the trial court: Com. v. Hart, 479 Pa. 84, 387 A. 2d 845 (1978). We think the statement was properly excluded on the grounds that it was irrelevant and lacked probative value. Its admission would only have confused the jury. Cases cited to us by defendant in support of his argument deal with either prosecutorial misconduct or inculpatory statements made by witnesses prior to trial. These cases are factually distinguishable from the case at bar and do not dissuade us from the conclusion that no error was committed.

Defendant assigns as error the trial judge's instruction to the jury on the summary offense of

racing on the highways.[6] Additionally, defendant claims the court should not have found him guilty of this offense. The argument on both points is predicated, in part, upon the Commonwealth's failure to show that defendant did not have a permit to race on the Pricetown Road: 75 Pa.C.S.A. §3367(c).

Section 3367(c) of the Vehicle Code reads: "The department or local authorities within their jurisdiction may issue permits for special activities which would otherwise be prohibited by this section." This subsection does not set forth an element that must be proved—or disproved—by the Commonwealth in this case. Our conclusion is buttressed by the rule of construction of criminal statutes set forth in Com. v. Neal, 78 Pa. Superior Ct. 216, 219 (1922):

"When a statute defining an offense contains an exception, in the enacting clause, which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately and clearly described if the exception is omitted, the rules of good pleading require that an indictment founded upon the statute must allege enough to show that the accused is not within the exception, but if the language of the clause defining the offense is so entirely separable from the exception that the ingredients constituting the offense may be accurately and clearly defined without any reference to the exception, the pleader may safely omit any such reference, as the matter contained in the exception is matter of defense and must be

---

6. The court gave this instruction while charging the jury on homicide by vehicle and recklessly endangering another person.

shown by the accused." See Com. v. Stoffan, 228 Pa. Superior Ct. 127, 323 A. 2d 318 (1974).

Section 3367(c) may be classified as an exception or exemption clause; it is "entirely separable" from the statutory language which defines the offense of racing on the highways. This clause provides the defendant with an excuse or justification. A case in point is Com. v. Sojourner, _____ Pa. Superior Ct. _____, 408 A. 2d 1108 (1979), wherein it was held that if a defendant is accused of violating The Controlled Substance, Drug, Devise and Cosmetic Act of April 14, 1972, P.L. 233, 35 P.S. § 780-101 et seq., and comes forward with some evidence of authorization to possess a controlled substance, only then does the Commonwealth have the burden to prove nonauthorization beyond a reasonable doubt. Defendant adduced no evidence that on June 22, 1978 he possessed a lawfully issued permit to race on any of the public highways of this county. Therefore, the Commonwealth was not required to prove that defendant lacked authorization to race.

Defendant also argues that the information charging racing on the highways was fatally defective because it failed to aver the speed at which defendant was driving as required by 75 Pa.C.S.A. §3366 and Com. v. Morris, _____ Pa. Superior Ct. _____, 407 A. 2d 1350 (1979). In point of fact, the Commonwealth did allege in the information that defendant was traveling at speeds of between 80 and 90 miles per hour. Strictly speaking, section 3366 of the Vehicle Code and Com. v. Morris, supra, require that speed be set forth in the criminal complaint. The instant complaint did set forth defendant's speed; hence this argument is rejected.

Defendant claims that the charge of homicide by vehicle, 75 Pa.C.S.A. §3732, is vague and thus un-

constitutional. Our Supreme Court has held otherwise. In Com. v. Burt, _____ Pa. _____, 415 A. 2d 89 (1980), a unanimous court held that section 3732 contains "entirely reasonable standards" and is not unconstitutionally vague. Id. at 92. We conclude that the Burt case is dispositive of this issue.

Defendant next alleges as error the court's failure to charge the jury that speed alone does not constitute reckless driving: 75 Pa.C.S.A. §3714. However, in Com. v. Dandar, 249 Pa. Superior Ct. 327, 378 A. 2d 319 (1977), decided under 75 P.S. §1001, the predecessor statute to section 3714, the Superior Court held that the testimony of the arresting officer that from his "rolling speed" he estimated the speed of defendant's vehicle at 45 or 50 miles per hour after the vehicle proceeded through a school zone with a posted limit of 15 miles per hour, was sufficient to sustain a conviction for reckless driving. Likewise, when defendant in the instant case drove his vehicle at 80 to 90 miles per hour on a public highway while racing with another he evidenced the careless disregard for the safety of person or property sufficient to make out the offense of reckless driving.

Finally, defendant contends that during his counsel's closing address the court reporter made facial expressions and sounds evidencing boredom and that this conduct was plainly visible and audible to the jury thus depriving the defendant of a fair and impartial trial. In support of this contention defendant deposed two assistant district attorneys, neither of whom were prosecuting the case, but who were present during the closing arguments.

It is our opinion that the evidence here is equivocal. One assistant district attorney testified that the above-described behavior occurred during the closing of defense counsel but he was unsure if

it occurred during the prosecution's close. The other assistant district attorney said that this behavior took place during the closing of both defense and prosecution and actually was more pronounced during the Commonwealth's argument. The court did not observe the behavior complained of. Had it come to the court's attention, appropriate action would have been taken to insure that defendant received a fair trial. We do know that throughout the proceedings the court reporter was facing away from the jury, so it is highly unlikely that the jurors could see the reporter's facial expressions, if there were any. There is nothing in the record to show that the jury was aware of any signs of bias on the part of the court reporter; therefore, we conclude that defendant's right to a fair and impartial trial was not jeopardized.

Defendant's post-trial motions are denied.