428 A.2d 610

COMMONWEALTH of Pennsylvania

v.

Charles F. SCHMITZER, III, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1980.

Filed April 10, 1981.

Thomas W. King, III, Butler, for appellant.

Robert F. Hawk, Assistant District Attorney, Butler, for Commonwealth, appellee.

Before PRICE, DiSALLE and MONTEMURO, JJ.

MONTEMURO, Judge:

Appellant was convicted of Reckless Driving[1] and sentenced to pay a fine of twenty-five ($25.00) dollars and the costs of prosecution. We affirm.

On December 7, 1978 at approximately 8:35 A.M., a Butler City police officer stopped the automobile which appellant had been driving in the vicinity of New Castle Street and Eighth Avenue, Butler City, Butler County, and issued Citation No. D1145 09. We do not have a copy of the Citation as part of the record, but from the testimony, it would appear that the Citation alleged that, based on information received, the appellant was driving at a speed of thirty-one (31) miles per hour through a school zone, which was controlled by two signs on opposite sides of the street on each end of the school, with flashing amber lights and with the speed limit of fifteen (15) miles per hour spelled out and flashing on the signs. Appellant was charged with "Reckless Driving," a violation of Section 3714 of the Vehicle Code. Id.

The officer who issued the citation testified that on the morning appellant was cited, he, together with his police chief and a police captain, were watching cars going through the school zone of the West End School. While thus on duty, he received a radio transmission to stop appellant's vehicle and that he looked up and saw appellant's vehicle coming at him head on, "at a pretty good clip, high rate of speed, in excess of the fifteen mile an hour posted." (TTp.3) He testified further that there was school bus traffic, heavy vehicular traffic, and school children crossing to go to school.

1. Act of June 17, 1976, P.L. 162, No. 181 (75 Pa.C.S.A. Sec. 3714).

The police chief testified that he and a police captain were sitting in an unmarked police car on the north side of New Castle Street just west of Sixth Street. They were using a radar gun and he observed appellant coming through Fourth Street on New Castle at a fast rate of speed. The radar gun clocked appellant's vehicle travelling thirty-one (31) miles per hour in the fifteen (15) miles per hour zone and he then radioed to the officer stationed at Eighth Street to make the arrest. Aside from the radar gun, he judged appellant's speed to be between twenty-five (25) and thirty (30) miles per hour. Further, there were children crossing the street and there was heavy vehicular traffic. Neither he nor his police captain were certified by the Pennsylvania State Police or by the Pennsylvania Department of Transportation on the use of a radar gun and their only training was from the manufacturer of the equipment. He was using the radar gun as a back-up to his judgment of the speed of the vehicles coming into the school zone.

Appellant testified that he was going to work and that his place of business was located on New Castle Street. He went by the area quite often and he knew of the school zone. He did not observe the flashing lights that day, but he did see children crossing. He knew of the speed limit, and he said he was going about twenty-five (25) miles per hour. There were no vehicles in front of him and he never crossed the center lane of the highway. He stayed in his own lane of traffic and he was paying attention to the road and highway. He knew of the existence of school children in the area.

■ Appellant first argues that the lower court erred in admitting evidence of speed based on the use of the radar gun. We agree.

The Pennsylvania Vehicle Code provides as follows:

"(2) Electronic devices such as radio-microwave devises, (commonly referred to as electronic speed meters or radar) may be used only by members of the Pennsylvania State Police ...." (Act of June 17, 1976, P.L. 162, No. 81 (Pa.C.S.A. Sec. 3368(c)(2))).

The legislature has not extended the right to use radar to local police, and, since the police officers in this case were members of the Butler City Police Department and not the Pennsylvania State Police, the use of radar here was unlawful. Testimony of appellant's speed based on the radar gun should not have been admitted.

The Commonwealth argued, and the lower court agreed, that this section of the Vehicle Code only applies to speeding violations and not reckless driving and therefore there is nothing in the Code to prohibit the use of a radar gun if the charge is reckless driving. The reasoning is specious at best and we cannot agree. In this case the charge of reckless driving is predicated on a vehicle being operated in a school zone in excess of fifteen (15) miles per hour, and appellant's speed of thirty-one (31) miles per hour, as set forth on the citation, was determined solely by the radar gun.

The Commonwealth, appellee, also argued that the areas which are designated as school zones are not of sufficient length to provide for clocking by another motor vehicle. Since the Pennsylvania State Police are the only persons authorized to use radar apparatus, the adoption of appellant's argument in this case would mean that in many cases where a safety zone has been established for the protection of pedestrian school children going to and from school, the speed limit would be practically unenforceable.

This argument has absolutely no merit and was laid to rest many years ago. See *Commonwealth v. Kenny*, 178 Pa.Super. 479, 116 A.2d 235 (1955). There is no legal impediment whatsoever to a police officer testifying that he observed a vehicle being driven in a designated school zone at a time when children were either going to school or leaving school or during recess and that in his opinion, the vehicle was traveling at a speed in excess of the legal limit of fifteen (15) miles per hour.

We note in passing that such conduct would clearly constitute a violation of Section 3365(b)[2] of the Vehicle Code which provides:

2. Act of June 17, 1976, P.L. 162, No. 81 (75 Pa.C.S.A. Sec. 3365(b)).

"When passing a school as defined and established under regulations of the department, no person shall drive a vehicle at a speed greater than that established for the particular school zone. An official traffic-control device shall indicate the beginning and end of each school zone to traffic approaching in each direction. Establishment of a school zone, including its location, hours of operation and speed limit, shall be approved by the department."

■ In our view, without deciding at this point whether appellant could legally be charged with reckless driving, the better procedure in these school zone violations is to charge a violation of Section 3365(b). Id.

■ Holding, as we do, that the lower court erred in admitting the testimony concerning the speed of appellant's vehicle based on the use of the radar gun, was there, nevertheless, sufficient evidence to support the charge of reckless driving? Appellant urges us to answer this question in the negative. We cannot.

Appellant was convicted under Section 3714 of the Vehicle Code which provides:

"Any person who drives a vehicle in careless disregard for the safety of persons or property is guilty of reckless driving, a summary offense."

The language setting forth the offense of Reckless Driving in Section 3714 of the present Vehicle Code is substantially similar to description of the offense of Reckless Driving found in the prior codes which provided in pertinent part:

"Reckless driving is unlawful, and for the purpose of this act, is construed to include the following:

(1) Any person who drives any vehicle .... upon a highway carelessly disregarding the rights or safety of others, or in a manner so as to endanger any person or property." (Act of June 8, 1965, P.L. 108, No. 75, Sec. 1; Act of April 29, 1959, P.L. 58, Sec. 1001(1), 75 P.S. Sec. 1001(1); Act of August 24, 1951, P.L. 1368, Sec. 28.)

In *Commonwealth v. Forrey*, 172 Pa.Super. 65, 68, 92 A.2d 233, 234 (1952), this Court defined the term "reckless," as used in the statute, as follows:

"In this State the phrase 'reckless' conduct is used as the equivalent of 'culpable negligence, or criminal negligence' so designated in the language of the decisions in other jurisdictions. *Comm. v. Gill*, 120 Pa.Super. 22, 32, 182 A. 103. Reckless Driving as included within the unlawful conduct described in the 1951 amendment of Sec. 1001(a) is a definition of culpable negligence. Conduct charging a driver with reckless driving amounting to culpable negligence under the 1951 amendment, therefore, need not be wilful or wanton; to sustain the charge, however, there must be evidence of negligent acts, amounting to a careless disregard of the rights or safety of others, the consequences of which could reasonably have been foreseen by the driver of the vehicle."

The same court, Id., 172 Pa.Super. at 67, 92 A.2d 233, also said:

"What was contemplated in the language 'carelessly disregarding the rights or safety of others or in a manner so as to endanger any person or property' was to set the minimal requisite of the statutory of reckless driving at less than wilful and wanton conduct on the one hand and, on the other, something more than ordinary negligence or the mere absence of care under the circumstances."

Here, appellant by his own admission was doing twenty-five (25) miles per hour in a designated school zone and at a time when children were in the area, further, he knew the area was a school zone and that the speed limit was fifteen (15) miles per hour.

The police chief testified that, by his visual observation, the appellant was traveling between twenty-five (25) and thirty (30) miles per hour and the "stopping" officer testified that he too visually observed appellant traveling at a speed in excess of fifteen (15) miles per hour. Both police officers

testified that when appellant went through the fifteen (15) mile per hour school zone, there were children crossing the street and vehicular traffic was heavy.

The law is clear that in this Commonwealth the test for determining the sufficiency of the evidence is whether, accepting as true all of the evidence of the Commonwealth and all reasonable inferences arising therefrom, upon which, if believed, a finder of fact could properly have based its verdict, such evidence was sufficient in law to prove the elements of the crime in question beyond a reasonable doubt. Applying this standard of review to the facts before us, we hold that the evidence in this case was sufficient to support a verdict of reckless driving.

The legislature by enacting this humane piece of legislation, which if observed and obeyed would have salutary benefits, was saying to the driving public: "Because we recognize the unpredictable nature of little children, we are going to authorize the establishment of school zones wherein we recognize the need for extra precaution; and to facilitate the stopping of a motor vehicle with the least possible notice we are establishing a fifteen (15) mile per hour speed limit in these school zones, which must be observed whenever children are going to or leaving school during opening or closing hours." The appellant consciously disregarded this legislative admonition.

Under all of the circumstances, the appellant's conduct establishes culpable negligence and he was properly prosecuted and convicted of the offense of reckless driving.

Although not argued by appellant, it is no defense that there was no injury or that appellant's reckless driving also constituted a violation of some other section of the Vehicle Code. See *Commonwealth v. Evelyn*, 184 Pa.Super. 514, 136 A.2d 158 (1957).

Judgment of the lower court is affirmed.