482 A.2d 1318

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellant,**

**v.**

**Carl L. PALMER.**

Superior Court of Pennsylvania.

Argued April 3, 1984.

Filed Oct. 12, 1984.

Andrew H. Cline, Harrisburg, for Commonwealth, appellant.

John B. Mancke, Harrisburg, for appellee.

Before WICKERSHAM, OLSZEWSKI and HOFFMAN, JJ.

## OPINION

HOFFMAN, Judge:

On appeal, the Commonwealth contends that the lower court erred in dismissing the charges against appellee. We agree and, accordingly, reverse the order below.

On August 30, 1982, appellee, the defendant below, drove his tractor-trailer over a stone-arch bridge which had a posted ten-ton weight restriction. Because the vehicle was determined to be over the weight limit, he was issued a citation by the state trooper for violation of § 4902(a) of the Vehicle Code. *See* 75 Pa.C.S.A. § 4902(a). On October 8, 1982, at the hearing before the District Justice of the Peace, the Commonwealth moved to amend the citation to allege a violation of § 4902(g)(1) of the Vehicle Code. Over appellee's objection, the motion to amend was granted. The District Justice offered appellee a continuance which his counsel declined. Appellee was then found guilty of violat-

ing § 4902(g)(1). On appeal de novo from this summary conviction, the lower court, upon appellee's motion to quash, dismissed the case on January 31, 1983, finding that the amendment was improper. This Commonwealth appeal followed.

■ The Commonwealth argues that the lower court erred in dismissing the case because appellee was not actually prejudiced by the amendment to the citation. We agree. Pa.R.Crim.P. 52 A.1.(e) requires that every citation contain "a citation of the specific section and subsection of the statute or ordinance allegedly violated, together with a summary of the facts sufficient to advise the defendant of the nature of the offense charged[.]" The rationale for Rule 52 A.1.(e)'s requirements is to give the defendant fair notice of the nature of the unlawful act for which he is charged. *Hill v. Commonwealth,* 68 Pa. Commonwealth Ct. 71, 448 A.2d 106 (1982). Where the citation contains defects, we must look to Rule 70 for the consequences. Pa.R.Crim.P. 52 comment. Rule 70 provides that:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the proceedings of this Chapter, unless the defendant raises the defect before the conclusion of the summary trial and *the defect is prejudicial to the rights of the defendant.*

Pa.R.Crim.P. 70 (emphasis added). "As a condition of relief regardless of whether the defect is in form, content, or procedure, the court or issuing authority must determine that there is actual prejudice to the rights of the defendant." Pa.R.Crim.P. 70 comment.

In the instant case, appellee was initially issued a citation for violating subsection (a) of § 4902, which provides that:

...—The Commonwealth and local authorities with respect to highways and bridges under their jurisdictions may prohibit the operation of vehicles and may impose restrictions as to the weight or size of vehicles operated upon highway or bridge whenever they determine that

the highway or bridge may be damaged or destroyed unless use by vehicles is prohibited or the permissible size or weight of vehicles is reduced. School buses, emergency vehicles and vehicles making local deliveries or pickups may be exempted from restrictions on the use of highways imposed under this subsection.

75 Pa.C.S.A. § 4902(a). Upon amendment, the citation alleged a violation of subsection (g)(1) of the same statutory section as follows:

(1) Any person operating a vehicle or combination upon a highway or bridge in violation of a prohibition or restriction imposed under subsection (a) is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $75, except that any person convicted of operating a vehicle with a gross weight in excess of a posted weight shall, upon conviction, be sentenced to pay a fine of $150 plus $150 for each 500 pounds, or part thereof, in excess of 3,000 pounds over the maximum allowable weight.

75 Pa.C.S.A. § 4902(g)(1). In view of the above subsections, we fail to see how appellee was prejudiced by the amendment, particularly in light of the fact that appellee was offered a continuance but refused it. Both the original citation and the amended citation gave appellee adequate notice of the nature of the offense charged.

*Commonwealth v. Stanley*, 265 Pa.Superior Ct. 194, 401 A.2d 1166 (1979), *aff'd*, 498 Pa. 326, 446 A.2d 583 (1982), is analogous. In that case, the defendant was initially charged with violating 18 Pa.C.S.A. §§ 6105 (possession of firearm by former convict) and 6106 (carrying firearms without a license). Following a municipal court trial, he was found guilty under § 6105, with the § 6106 charge having been dismissed earlier. Upon appeal de novo to the common pleas court, the prosecutor, in drawing the information, inadvertently charged the defendant with violating §§ 6106 and 6108 (carrying firearms in public). Therefore, the Commonwealth made a pre-trial motion to amend the information to delete the §§ 6106 and 6108 charges and to

substitute § 6105. On appeal to this Court, we held that the substitution was permissible under Pa.R.Crim.P. 229, which allows amendment of a defective information provided an additional or different offense is not charged. In interpreting Rule 229, this Court stated:

> The purpose of Rule 229 is to insure that a defendant is fully apprised of the charges against him, and to avoid prejudice by prohibiting the last minute addition of alleged criminal acts of which the defendant is uninformed.... In effecting this purpose, the courts of this Commonwealth employ the test of whether the crimes specified in the original indictment or information involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended indictment or information. If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct. If, however, the amended provision alleges a different set of events, or the elements or defenses to the amended crime are materially different from the elements or defenses to the crimes originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted.

*Id.*, 265 Pa.Superior Ct. at 212–13, 401 A.2d at 1175 (citations and footnotes omitted). Similarly, here, a different or additional crime has not been alleged by the amended citation. Rather, the same criminal conduct was involved. Moreover, contrary to appellee's assertion, the original citation was sufficient to allege a crime. *See Commonwealth v. Geise*, 314 Pa.Superior Ct. 24, 460 A.2d 354 (1983) (violation of 75 Pa.C.S.A. § 4902(a) constitutes a summary offense involving vehicle weight restrictions); *Commonwealth v. Saddic*, 22 D. & C.3d 208 (Delaware Co.1981) (citation can and should show § 4902 both for the violation and the penalty). This is not to say, however, that the amended citation in the instant case is grounds for discharge because § 4902(g)(1) describes both the offense and the penalty. Accordingly, we hold that both the original

citation and amended citation were sufficient to give notice of the offense charged because they described the same criminal act.[1]

■ Appellee argues, however, that the Commonwealth cannot amend a citation which fails to allege a crime after the statute of limitations has expired. Under 42 Pa.C.S.A. § 5553(a), proceedings for summary offenses involving vehicles must be commenced within thirty days after the commission of the alleged offense. *Commonwealth v. Larson*, 299 Pa.Superior Ct. 252, 445 A.2d 550 (1982). Section 5554 provides that the period of limitation does not run during any time when "(2) a prosecution against the accused for the same conduct is pending in this Commonwealth." 42 Pa.C.S.A. § 5554(2). *Cf. Commonwealth ex rel. Kolodziejski v. Tancredi*, 222 Pa.Superior Ct. 436, 295 A.2d 174 (1972) (statute of limitations in criminal cases will be tolled by indictment). Here, the alleged offense occurred on August 30, 1982, and the citation was amended on October 8, 1982, more than thirty days later. We find that this amendment did not implicate the statute of limitations. *See* Pa.R.Crim.P. 70 comment ("A complaint, citation, summons, or warrant may be amended at any time so as to remedy any defect in form or content that is not prejudicial to the right of the defendant. Nothing in this rule shall prevent the filing of a new complaint or citation and the reissuance of process. Any *new* complaint must be filed within the time permitted by the applicable statute of limitations."). The original citation was not quashed and, therefore, the amendment did not commence a new proceeding.[2]

---

1. In this respect, *Commonwealth v. Messerschmidt*, 68 D. & C.2d 558 (Bucks Co.1975), is distinguishable. In that case, the court held that a citation to § 903(b) of the Vehicle Code was insufficient to give the defendant notice of a § 903(c) violation because § 903(c) related to overweight combination vehicles whereas § 903(b) related to overweight commercial vehicles.

*United States v. Milestone*, 626 F.2d 264 (3d Cir.1980), and *Ex Parte Bain*, 121 U.S. 1, 7 S.Ct. 781, 30 L.Ed. 849 (1887), cited by appellee, are also distinguishable because they involved federal law and procedures, namely, indictment by grand jury which therefore required amendment by grand jury.

2. *Commonwealth v. Cardonick*, 448 Pa. 322, 292 A.2d 402 (1972), cited by appellee, is distinguishable because it involved grand jury indictments which

Both the original and amended citations referred to the same conduct, namely, appellee's driving an overweight vehicle on August 30. Therefore, we hold that the instant case falls under § 5554 because, at the time of the amendment, appellee was being prosecuted for the same conduct.

Accordingly, we reverse the lower court's order dismissing the case and remand for proceedings consistent with this opinion.

Reversed and remanded.

Jurisdiction is not retained.

were quashed for lack of notice and later resubmitted after the expiration of the two-year statute of limitations period for misdemeanors. Here, however, the original citation was not quashed, but merely amended, and appellee received sufficient notice of the offense charged.