492 A.2d 1162

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**George Richard MILLS.**

Superior Court of Pennsylvania.

Argued March 5, 1985.

Filed May 17, 1985.

Howard W. Bischoff, Assistant District Attorney, Pittsburgh, for Commonwealth, appellant.

Dwight L. Koerber, Jr., Clearfield, for appellee.

Before OLSZEWSKI, HESTER and SHIOMOS, JJ.*

HESTER, Judge:

This appeal is from an order of the Court of Common Pleas of Clarion County holding that appellee, George Richard Mills, could not be penalized under 75 Pa.C.S.A. § 4945(b) for operating his tractor trailer combination at a gross weight in violation of 75 Pa.C.S.A. § 4943(b). In support of its order, the lower court held that the application of § 4945(b) to this particular weight violation abridged equal protection of the law. Although not for the reasons relied upon by the lower court, we affirm.

Appellee is a truck driver employed by Butler Trucking Company of Woodland, Clearfield County, Pennsylvania. On June 7, 1982, appellee was operating a 1976 White Freightliner tractor, pulling a flatbed trailer carrying refractories. Appellee was operating his tractor/trailer unit, which was registered with the Department of Transportation at a maximum gross weight of 80,000 lbs., on Interstate Highway 80 in Clarion County when he was ordered by state police to stop at a weigh station.

Appellee's unit contained five axles. One axle served as the steering axle and the remaining four axles were situated in two groups of two axles. The first group was placed at the rear of the tractor, and the second group was placed at the rear of the trailer. The gross weight on these two groups of axles exceeded by 6,900 lbs the limit allowed by § 4943(b)(1). The weight limit in § 4943(b)(1) is calculated by the "bridge formula" which involves the distance between the extreme axles in the two groups and the number of axles in a group. Having found an overload of

---

* Judge Thomas N. Shiomos, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

§ 4945(b) of $1,115.00.[1]

6,900 lbs., the state police imposed a fine calculated by

Appellee was found guilty by a district justice and subsequently filed an appeal to the Court of Common Pleas of Clarion County. Appellee did not challenge the propriety of the weighing procedure nor did he contest the guilty verdict. He conceded that he was systematically stopped and that the actual weighing was properly conducted by a duly certified law enforcement team. Rather, appellee asserted that the penalty provision of § 4945(b) did not apply to weight violations calculated by the "bridge formula" of § 4943(b)(1).

The lower court agreed, ruling that penalties imposed under § 4945(b) apply solely to violations of § 4943(a). This latter section provides maximum weights for individual axles. Section 4945(b) is subject to the driver's right to reduce or readjust the load, which, according to the lower court, may enable him to escape penalty. The lower court noted that whether the driver readjusts his load will not affect his violation of the "bridge formula." This formula calculated the weight dispersed over all weight-carrying axles on appellee's unit. Any readjusting would not avoid a violation. Therefore, the court concluded that section 4945(b) could not apply to "bridge formula" violators because it was impossible to avoid penalty by readjusting the load. To apply the penalty of § 4945(b) to "bridge formula" violators would result in the denial of equal protection of the law.

The Commonwealth filed this appeal. The Commonwealth argues that the "bridge formula" violation is independent of the right to adjust the load. The Commonwealth also notes that there was no evidence that appellee was denied the right to adjust the load.

We do not believe that this case is properly decided on constitutional grounds or by whether appellee was denied the opportunity to reduce or readjust the load. Instead, the

---

1. Under § 4945(b), the fine is "$100.00 plus $100 for each 500 pounds, or part thereof, in excess of 2,000 pounds over the maximum axle weight."

issue of whether penalty § 4945(b) applies to "bridge formula" violations is solely determined by statutory construction.

▇ The "bridge formula" of § 4943(b) was promulgated in 1980 for the purpose of determining gross weight distributed over groups of axles. Without this formula, a motorist operating a heavily loaded vehicle could simply add axles to the tractor or trailer, thereby reducing the weight over any one axle and avoiding single axle violations of § 4943(a). If the vehicle did not violate vehicle gross weight provisions of § 4941, an otherwise excessively loaded vehicle would escape all weight violations. With factors concerning number of axles and distance between the extreme axles of groups of axles, the "bridge formula" closes this significant loophole.

▇ In drafting the violation provision of § 4943(b), the General Assembly failed to draft a corresponding penalty provision. We therefore agree with appellee that penalty § 4945(b) does not apply to "bridge formula" violations.

First, § 4945(b) was not drafted with § 4943(b) in mind; it was promulgated prior to the enactment of § 4943(b), and no amendments provided § 4945(b) penalties for § 4943(b) violations.

Next, § 4945(b) fines "any person operating a vehicle or combination with a weight on *an axle or pair of axles* exceeding the maximum axle weights allowed by section 4943...." Appellee violated § 4943(b)(1) for having "an overall gross weight on any *group* of two or more consecutive axles in excess" of that allowed by the "bridge formula." Under the Statutory Construction Act of 1972, "[w]hen the words of the statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 P.S. § 1921(b). Insofar as § 4945(b) establishes fines for excessive weights on "axles" or a "pair of axles", it would be incongruous to extend it to a "group of two or more consecutive axles." The words of

§ 4945(b) are clear; we will not expand their meaning to include violations of the "bridge formula."

■■ We conclude that appellee can only be fined under 75 Pa.C.S.A. § 6502 which provides a $25.00 fine for summary offenses not addressed by specific penalty provisions. We note that this fine does not reflect the serious weight violation committed by appellee; nevertheless, in its present condition, the Vehicle Code does not provide a more appropriate penalty.[2]

Order affirmed.

2. We are not imposing a fine of $25.00 as the only issue before us is whether § 4945(b) is the applicable penalty section.