**Commonwealth v. Schott**

*J. Matthew Wolfe, special assistant district attorney,* for the Commonwealth.
*Stephen T. O'Neill,* for defendant.

ESHELMAN, T., *J.,* November 27, 1985—Appellee (defendant) entered a guilty plea to charges of violating VC §4943(b)(1)* and was sentenced to pay a fine under 75 Pa.C.S. §6502, plus costs. The court accepted the guilty plea after denial of PennDOT's motion to amend the charging citation. PennDOT appealed the court's denial of its motion challenging the acceptance of the guilty plea and pursuant to Pa.R.A.P. 1925, this opinion was prepared.

## FACTS

The facts are not greatly disputed. Defendant received a citation in April 1984, charging him with a violation of the "bridge formula" for computing maximum weight of axle wheels, 75 Pa.C.S.

---

*75 Pa.C.S. §4943(b)(1).

§4943(b)(1), and was found guilty by a district justice. Defendant appealed to this court and appeared on May 30, 1985, for a hearing de novo on the charges.

Noting the impact of Commonwealth v. Mills, 342 Pa. Super. 362, 492 A.2d 1162 (1985), filed by the Superior Court on May 17, 1985, counsel for PennDOT moved to amend the citation to charge the defendant under 75 Pa.C.S. §4941. Section 4941 generally prohibits the operation of overweight vehicles on the Commonwealth's roads. Defendant objected to any amendment due to a desire to plead guilty to the existing citation. After examination of the Mills case and Commonwealth of Pennsylvania, Department of Transportation v. Palmer, 334 Pa. Super. 248, 482 A.2d 1318 (1984), the court denied PennDOT's motion to amend the citation and accepted the guilty plea.

## DISCUSSION

PennDOT relied on Pa.R.Crim.P. 229 and the Palmer case to argue that the court should have allowed the amendment. Rule 229, in relevant part, states:

"The court may allow an information to be amended when there is a defect in form, the description of the offense, the description of any person or any property, or the date charged, provided the information as amended does not charge an additional or different offense."

Palmer, supra, cited by PennDOT, stands for the accepted proposition that a court may allow amendments to citations. In addition, PennDOT cites Pa.R.Crim.P. 70 and 150 for the proposition that a defendant shall not be dismissed because of a defect in the form or content of a citation, or a defect in the procedures of summary cases or court cases, unless

the defect is prejudicial to the rights of the defendant.

The rules of criminal procedure are to be construed by courts to secure simplicity in procedure, fairness in administration, and the elimination of unjustifiable expense or delay. They are to be construed as nearly as may be in consonance with the rules of statutory construction. Pa.R.Crim.P. 2.

Under normal interpretations, the use of the word "may" in Pa.R.Crim.P. 229 denotes discretion. But Rule 229 has been interpreted using a test contained in Commonwealth v. Stanley:

"In effecting the purpose (of Rule 229) the courts of the Commonwealth employ the test of whether the crimes specified in the original (citation) involve the same basic elements and evolved out of the same factual situation as the crime specified in the amended indictment or information (or citation). If so, then the defendant is deemed to have been placed on notice regarding his alleged criminal conduct." Stanley, 265 Pa. Super. 194, 401 A.2d 1166, 1175 (1979).

The court continued, stating:

"If, however, the amended provision alleges a different set of events or the elements or defenses to the amended crime are materially different from the elements or defenses to the crime originally charged, such that the defendant would be prejudiced by the change, then the amendment is not permitted." Stanley, supra, at 1175.

75 Pa.C.S. §4943(b)(1) makes it illegal for a person to operate a vehicle with excess weight per axle as computed by the "bridge formula." Defenses to that section involve questions of the distribution of weight, the distance between axles, etc. Pa.C.S. §4941 makes it illegal to operate a vehicle which ex-

ceeds maximum weight totals. The elements of the charges are different, as are the defenses. An amendment to allow a change of charges would not be a mere change in form or description of an offense.

The Pennsylvania General Assembly approved a statutory scheme of regulating vehicle weights which prevented the exercise of discretion in the charging process. By action of law the charges as selected are now punishable only through 75 Pa.C.S. §6502. The offense as charged has not been affected by Mills, only applicable penalties. A prosecution under §4943(b)(1) is still possible.

PennDOT argued that Pa.R.Crim.P. 70 and 150 require that a defendant shall not be discharged or a case dismissed because of a defect in the form or content of a citation. First, the citation was not defective, only the process which forced PennDOT to charge defendant. Second, there was no discharge of defendant or dismissal of charges. Defendant entered a plea of guilty to a valid charge. Defendant was sentenced to pay the statutorily mandated fine, district justice costs, court costs, and may be imprisoned for willful failure to pay.

In accepting the guilty plea, the court was satisfied that it was entered knowingly and voluntarily. In passing, we note that a plea entered to avoid a higher penalty is not in itself involuntary or invalid. Commonwealth v. Williams, 442 Pa. 431, 275 A.2d 103 (1971). Under the circumstances of this case and in light of the rules directing the court to seek simplicity in proceedings, fairness in administration, and the elimination of unjustifiable expense or delay, our decision to deny PennDOT's motion was made to facilitate justice by allowing defendant to plead guilty.

## CONCLUSION

Pa.R.Crim.P. 229 is a discretionary rule which permits but does not require a court to allow amendments to citations. All of the Rules of Criminal Procedure are to be construed according to general principles of statutory construction and should result in simplicity, fairness and the elimination of unjustifiable expense or delay. We denied PennDOT's motion to amend due to the differing nature of the defenses to the citation and the proposed amendment, and because the acceptance of the guilty plea prevented delay and expense by effectively ending the case. For these reasons we feel that the best interests of justice were served by our decisions in this case and so should not be disturbed.