J-A16012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDERICK W. KARASH, | |
| Appellant | No. 1318 WDA 2015 |

Appeal from the Judgment of Sentence August 5, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-SA-0000074-2015

BEFORE:  SHOGAN, OLSON, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:               **FILED SEPTEMBER 12, 2016**

Appellant, Frederick W. Karash, appeals *pro se* from the judgment of sentence entered in the Court of Common Pleas of Erie County.  We affirm.

We summarize the history of this case as follows.  On March 29, 2015, Appellant was traveling on Route 8 in Erie County when he drove by Pennsylvania State Trooper Joshua Deitle and was clocked with a radar gun as traveling 73 miles per hour ("mph") in a 55 mph zone.  The trooper cited Appellant for traveling 60 mph in a 55 mph zone.  Prior to the hearing before the district magistrate, the Commonwealth amended the citation to reflect that Appellant was traveling 73 mph.  The magistrate convicted Appellant and sentenced him to pay fines.  Appellant then appealed to the court of

_____

[*]  Retired Senior Judge assigned to the Superior Court.

common pleas. On August 5, 2015, the trial court convicted Appellant and imposed a $61.00 fine, plus fees and costs. This timely *pro se* appeal followed. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review, which we reproduce verbatim:

> 1 Q- Did the Judge err in allowing the "amended" citation to be presented as evidence?
>
> 2 Q- Did the Judge Show discriminatory bias and incompetent arrogance by failing to review the motions brought by the defendant while wasting not a moments time in granting the Commonwealths motions?
>
> 3 Q- Did the judge err by failing to adhere strictly to ruling in regard to the Constitution of the United States (specifically 5th and 14th Amendment)?
>
> 4 Q- Did the Commonwealth fail to strictly adhere to the rules of Criminal Procedure by failing to properly issue the Citation?
>
> 5 Q- Did the Commonwealth meet the burden set forth for amending a citation pursuant to The Rules of Criminal Procedure as delineated in Commonwealth v Palmer?
>
> 6 Q- Did the Issuing authority fail to comply with the Rules of Criminal Procedure thus biasing me for future hearings/ thus violating my rights?
>
> 7 Q- Did the Judge Completely disregard the Rules of Criminal Procedure at the time of reaching a verdict thus expounding on the argument that she is discriminatively biased and arrogantly incompetent?
>
> 8 Q- Did the Judge allow contradicting stories from the prosecution to be submitted as evidence yet fail to address the issue of credibility of Commonwealth witnesses, Thus Showing reckless disregard for the interest of justice?

9 Q- Did the Judge Show Bias by granting the continuance request of the Commonwealth (without considering the responsive pleading) while denying the continuance request of the defendant?

10 Q- Did the Judge have a responsibility to recuse herself? Did her failure to do so create a prejudice? Did She act outside of her Judicial Function/athority?

11 Q- Does the Judge understand the concept of a de novo hearing? Does her disinterest in the violative manner in which the initial hearing transpired elude to the fact that she has interests in revenue generation and not neutral fact finding and justice?

12 Q- Did the Commonwealth meet the Burden of Proof?

Appellant's Brief at ii-iii.

As a prefatory matter, we observe that appellate briefs must materially conform to the briefing requirements set forth in the Pennsylvania Rules of Appellate Procedure. Pa.R.A.P. Chapter 21. When a party's brief fails to conform to the Rules of Appellate Procedure and the defects are substantial, an appellate court may, in its discretion, quash or dismiss the appeal pursuant to Pa.R.A.P. 2101.

It is well settled that the argument portion of an appellate brief must be developed with pertinent discussion of the issue, which includes citations to relevant authority. Pa.R.A.P. 2119(a). *See Commonwealth v. Genovese*, 675 A.2d 331, 334 (Pa. Super. 1996) (stating that "[t]he argument portion of an appellate brief must be developed with a pertinent discussion of the point which includes citations to the relevant authority").

In **Commonwealth v. B.D.G.**, 959 A.2d 362 (Pa. Super. 2008), a panel of this Court offered the following relevant observation regarding the proper formation of the argument portion of an appellate brief:

> In an appellate brief, parties must provide an argument as to each question, which should include a discussion and citation of pertinent authorities. Pa.R.A.P. 2119(a). This Court is neither obliged, nor even particularly equipped, to develop an argument for a party. **Commonwealth v. Williams**, 566 Pa. 553, 577, 782 A.2d 517, 532 (2001) (Castille, J., concurring). To do so places the Court in the conflicting roles of advocate and neutral arbiter. **Id**. When an appellant fails to develop his issue in an argument and fails to cite any legal authority, the issue is waived. **Commonwealth v. Luktisch**, 680 A.2d 877, 879 (Pa. Super. 1996).

**Id**. at 371-372. Thus, failure to cite case law or other legal authority in support of an argument results in waiver of the claim. **Commonwealth v. Owens**, 750 A.2d 872, 877 (Pa. Super. 2000).

As we have often stated, "Although this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa. Super. 2005) (citing **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing." **Adams**, 882 A.2d at 498 (citing **Commonwealth v. Rivera**, 685 A.2d 1011 (Pa. Super. 1996)).

Here, the argument portion of Appellant's *pro se* brief contains rambling discussions of purported error lacking any pertinent analysis. Appellant's Brief at 3-11. Essentially, we are perplexed by Appellant's incomprehensible analyses and discussions. This unclear discourse has hampered meaningful appellate review. We recognize that Appellant is acting *pro se*. As we previously mentioned, Appellant's status as a *pro se* litigant does not relieve him of his responsibility to conform to the applicable rules of appellate procedure. While this particular defect in Appellant's brief warrants dismissal of the appeal, we decline to do so at this juncture.

Instantly, we have thoroughly reviewed the briefs of the parties, the relevant law, and the certified record before us, including the sixteen-page opinion of the trial court dated October 26, 2015, which addresses the issues raised by Appellant in his Pa.R.A.P. 1925(b) statement. We conclude that the issues presented by Appellant lack merit, and the trial court's opinion adequately addresses Appellant's various claims raised on appeal. Accordingly, we affirm on the basis of the trial court's opinion and adopt its reasoning as our own. The parties are directed to attach a copy of that opinion in the event of further proceedings in this matter.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/12/2016

COMMONWEALTH OF PENNSYLVANIA, : IN THE COURT OF COMMON PLEAS
     Appellee     : OF ERIE COUNTY, PENNSYLVANIA

   v.          :

FREDERICK W. KARASH,   : NO.  SA 74 of 2015
     Appellant    :

APPEARANCES:  Frederick W. Karash, *Pro se* (Appellant)
       Nathaniel E. Strasser, Assistant District Attorney, on behalf of the
       Commonwealth of Pennsylvania (Appellee)

## OPINION

Domitrovich, J., October 26th, 2015

The instant matter is before the Pennsylvania Superior Court on Frederick W. Karash's (hereafter referred to as "Appellant") appeal from this Trial Court's Order dated August 5th, 2015, whereby this Trial Court found, at the *de novo* trial, Appellant guilty of the summary charge of Maximum Speed Limits, at TR 317-2015, in violation of 75 Pa. C. S. §3362(a)(2) at 73 m.p.h. in a 55 m.p.h. zone, and imposed a sentence of a $61.00 fine, $10.00 EMS, $45.00 Surcharge, $10.00 Judicial Computer and all court costs. Appellant's speed was detected by a Pennsylvania State Police trooper using a speed timing device properly approved by the Commonwealth of Pennsylvania Department of Transportation, as well as appropriately calibrated and tested for accuracy within the prescribed time period by a station approved by the Department of Transportation.

## I. Factual and Procedural History

On March 29th, 2015, Pennsylvania State Police Trooper Joshua David Deitle was monitoring traffic speeds on Route 8 in Union Township, Erie County, Pennsylvania. *Notes of Testimony, Summary Conviction Appeal hearing, August 5th, 2015, pg. 16, lines 5-8.* Trooper Deitle was in a marked police cruiser and was in full Pennsylvania State Police uniform. *Id., pg. 16, lines 10-13.* Trooper Deitle was also using a hand-held speed timing device, identified as a Decatur Electronics "Genesis" model with a serial number of GHD17653. *Id., pg. 16, line 17 – pg. 17, line 1.*

1

On that date, a Mitsubishi Outlander, black in color and traveling northbound on Route 8, came into the speed timing device's field of influence traveling at initially 73 miles per hour. *Id., pg. 18, line 24 – pg. 19, line 2.* Once the vehicle passed the police cruiser, Trooper Deitle pulled out and initiated a traffic stop of the Mitsubishi Outlander. *Id., pg. 19, lines 2-3.* Trooper Deitle discovered the vehicle was being operated by Appellant Frederick W. Karash, whose identity was confirmed by his Pennsylvania Driver's License. *Id., pg. 19, lines 4-7.* Prior to the traffic stop on March 29th, 2015, Trooper Deitle had no other interaction with Appellant. *Id., pg. 20, lines 2-7.* Trooper Deitle advised Appellant he was exceeding the maximum speed limit, but cited Appellant for a lower speed in order to "cut him [Appellant] a little bit of a break" and due to Appellant recording the traffic stop. *Id., pg. 20, line 17 – pg. 21, line 21.* Trooper Deitle cited Appellant for traveling 60 miles per hour in a 55 mile per hour zone. *Id., pg. 21, lines 11-12.*

On April 21st, 2015, Assistant District Attorney and Trooper Deitle amended the traffic citation at Appellant's hearing in front of Magisterial District Judge Carol L. Southwick. *Id., pg. 23, lines 2-4.* The traffic citation was amended before a hearing had commenced, with Appellant present, and was amended to reflect 73 miles per hour in a 55 mile per hour zone, the speed Appellant was actually traveling when Trooper Deitle timed his vehicle. *Id., pg. 23, lines 5-15.* Appellant was found guilty by Magisterial District Judge Carol L. Southwick of violating 75 Pa. C. S. §3362(a)(2) at 73 m.p.h. in a 55 m.p.h. zone, and sentence was properly imposed.

Appellant filed both a Notice of Summary Appeal and a Motion to Quash Citation "Exceeding Maximum Speed Limits" on May 11th, 2015. A Summary Conviction Appeal hearing was scheduled before this Trial Court for July 7th, 2015. Assistant District Attorney Nathaniel E. Strasser filed a Motion to Reschedule Summary Appeal Hearing on June 9th, 2015, which was granted by this Trial Court on June 11th, 2015. Appellant's Summary Conviction Appeal hearing was rescheduled for August 5th, 2015 before this Trial Court, at which testimony was taken and evidence was received. Following the Summary Conviction Appeal *de novo* hearing, this Trial Court found Appellant guilty of

2

violating 75 Pa. C. S. §3362(a)(2) at 73 m.p.h. in a 55 m.p.h. zone, and sentence was properly imposed.

Appellant filed a Notice of Appeal to the Pennsylvania Superior Court on August 25th, 2015. This Trial Court filed its 1925(b) Order on August 25th, 2015. Appellant filed his "Precise Statement of Matters to be Raised on Appeal" on September 1st, 2015.

## II.  Legal Argument

The Pennsylvania Superior Court's scope of review where a trial court has heard the case *de novo* is to determine whether or not the findings of fact are supported by competent evidence and to correct conclusions of law erroneously made; and the action of a trial court will not be disturbed on appeal except for a manifest abuse of discretion. *See Commonwealth v. Kittelberger*, 616 A.2d 1, 2 (Pa. Super. 1992).

In his "Precise Statement of Matters to be Raised on Appeal," Appellant raises twelve (12) separate issues on appeal, which this Trial Court will summarize into ten (10) issues as follows:

1. **As to Appellant's first, fourth and eighth issues, the traffic citation, issued by Pennsylvania State Police Trooper Joshua David Deitle to Appellant on March 29th, 2015, was properly amended to reflect 73 miles per hour in a 55 mile per hour zone, the actual speed Appellant was traveling when Trooper Deitle timed Appellant's vehicle.**

Rule 109 of the Pennsylvania Rules of Criminal Procedure states:

A defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before the conclusion of the trial in a summary case or before the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

*Pa. R. Crim. P. 109*; *see Commonwealth v. Palmer*, 482 A.2d 1318, 1319 (Pa. Super. 1984). Pennsylvania courts employ the test of whether the crimes specified in the original complaint, citation, summons, or warrant involve the same basic elements and evolved out of the same factual situation as the crimes specified in the amended complaint, citation, summons, or warrant. *See Palmer* at 1320

3

(*citing Commonwealth v. Stanley*, 401 A.2d 1166 (Pa. Super. 1979)). If so, then a defendant is deemed to have been placed on notice regarding his alleged criminal conduct. *See id.*

Appellant argues the traffic citation itself states Appellant was traveling at a speed of 60 miles per hour in a 55 mile per hour zone and, pursuant to 75 Pa. C. S. §3368, said speed "is not a convictable offense." At the time of the *de novo* hearing, Trooper Deitle clearly stated that, on March 29th, 2015, Appellant's vehicle was traveling 73 miles per hour northbound on Route 8 in Union City, Pennsylvania. *N.T., pgs. 16-19.* Trooper Deitle, using an approved Decatur Electronics model hand-held speed timing device, rather than citing Appellant for the initial speed of 73 miles per hour, gave Appellant "a break" on his original citation at 60 miles per hour in a 55 mile per hour zone. *Id., pgs. 20-21.* Prior to the hearing commencing before Magistrate District Judge Carol L. Southwick, the Commonwealth amended Appellant's traffic citation to reflect 73 miles per hour in a 55 mile per hour zone – the original speed Appellant as timed by Trooper Deitle. The amended traffic citation formed the basis of Appellant's conviction before Magistrate District Judge Carol L. Southwick on April 21st, 2015 and before this Trial Court on August 5th, 2015. Furthermore, the amendment to the traffic citation was proper as the same basic elements were involved and the traffic citation arose from the same factual situation – Appellant traveling in excess of the maximum speed limit, which was timed by a Pennsylvania State Police trooper using an approved speed timing device. *See Palmer*, 482 A.2d at 1320.

Therefore, Appellant's argument that traveling 60 miles per hour in a 55 mile per hour zone "is not a convictable offense" is not relevant because Appellant's traffic citation was properly amended to the original speed timed by Trooper Deitle – 73 miles per hour. As the amended traffic citation for traveling 73 miles per hour in a 55 mile per hour zone formed the basis of Appellant's conviction, Appellant's first issue is without merit.

**2. The Trial Court properly denied Appellant's Motion to Quash Citation.**

4

Appellant argues the Trial Court refused to acknowledge his Motion to Quash Citation and, by doing so, ignored the provisions of Rules 109 and 403 of the Pennsylvania Rules of Criminal Procedure.

First and foremost, this Trial Court did acknowledge Appellant's Motion to Quash Citation during the Summary Conviction Appeal hearing on August 5th, 2015. Prior to any testimony, this Trial Court provided Appellant ample time to argue his Motion to Quash Citation and then provided the Commonwealth's attorney time to respond to Appellant's Motion to Quash Citation. *N.T., pgs. 6-13.* Ultimately, this Trial Court denied Appellant's Motion to Quash Citation, stating:

> THE COURT:     Okay. And the Court has heard from both sides. I think we thoroughly had you discuss your arguments and the Court will rule that the Motion to Quash is denied.

*Id., pg. 13, lines 8-11.*

Furthermore, this Trial Court had a proper basis for denying Appellant's Motion to Quash Citation. As stated above, the amendment to Appellant's traffic citation to cure a defect in the citation was proper as the same basic elements were involved and the amended citation arose from the same factual situation – Appellant traveling in excess of the maximum speed limit, which was timed by a Pennsylvania State Police trooper using an approved speed timing device. *See Palmer*, 482 A.2d at 1320.

Therefore, this Trial Court did acknowledge Appellant's Motion to Quash Citation and properly denied Appellant's Motion prior to the beginning of testimony, and Appellant's second issue is without merit.

### 3. Appellant's assertion of "intimidating, threatening or coercive" behavior of the Commonwealth's attorney during initial plea negotiations is not relevant to Appellant's conviction for violation 75 Pa. C. S. §3362(a)(2).

Appellant argues this Trial Court allowed "the Prosecuting Attorney's narrative regarding 'amending the citation' secondary to my [Appellant's] refusal to plead guilty." Appellant also argues

5

the Commonwealth's attorney was intimidating and threatening in his behavior during pleas negotiations.

Rule 462 of the Pennsylvania Rules of Criminal Procedure states "when a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority in any summary proceeding... the case shall be heard *de novo* by the judge of the court of common pleas sitting without a jury." *See Pa. R. Crim. P. 462(a)*.

During cross-examination of Trooper Deitle, Appellant elicited testimony regarding plea negotiations occurring between the Commonwealth's attorney and Appellant prior to the hearing before Magistrate District Judge Carol L. Southwick. *N.T., pgs. 28-31*. Ultimately, this Trial Court indicated the Summary Conviction Appeal hearing was *de novo*; therefore, any prior plea negotiations were not relevant to the charge Appellant had allegedly violated. *Id., pg. 30, lines 11-13, 20-22; pg. 31, lines 1-3*. In addition, any "intimidating, threatening, or coercive" negotiations are not relevant as Appellant did not plead guilty before Magistrate District Judge Carol L. Southwick due to said negotiations and did not plead guilty before this Trial Court due to said negotiations. Appellant's third issue is without merit.

### 4. Appellant was issued the original traffic citation and had notice of the amended traffic citation.

Appellant argues the amended traffic citation was never "issued" to him in violation of Rule 405 of the Pennsylvania Rules of Criminal Procedure. Appellant also argues he "rejects the theory that an issuing authority, rather than an officer, can amend a citation."

Rule 405 of the Pennsylvania Rules of Criminal Procedure states "when a criminal proceeding in a summary case is instituted by issuing a citation to the defendant... the law enforcement officer contemporaneously shall give the defendant a paper copy of the citation containing all the information required by Rule 403."

6

Following the traffic stop on March 29th, 2015, Trooper Deitle issued a traffic citation to Appellant containing all the information required by Pa. R. Crim. P. 403, which indicated Appellant was traveling 60 miles per hour in a 55 mile per hour zone. *N.T., pg. 20, lines 19.* Prior to the hearing before Magistrate District Judge Carol L. Southwick and in the presence of Appellant, the Commonwealth orally amended the traffic citation to indicate Appellant was traveling 73 miles per hour in a 55 mile per hour zone, the speed originally timed by Trooper Deitle. *Id., pg. 23, lines 2-15.* Furthermore, both the original citation, which indicated 60 miles per hour, and the orally amended citation, which indicated 73 miles per hour, was both made part of the record.

Therefore, as the original citation was provided to Appellant at the time of the violation, as required by Rule 405 of the Pennsylvania Rules of Criminal Procedure, and Appellant had notice of the amendment to the traffic citation prior to the hearing commencing before Magistrate District Judge Carol L. Southwick, Appellant's fourth issue is without merit.

5. **Upon Appellant's Notice of Appeal, transcripts from the Magistrate District Judge hearing were filed pursuant to Pa. R. Crim. P. 462; however, Rule 462 does not require the Magistrate District Judge to note Appellant's objections.**

Appellant argues that, upon the filing of his Notice of Summary Conviction Appeal, transcripts from the Magistrate District Judge hearing were not forwarded and his objections from said hearing were not noted, as required by Rule 462 of the Pennsylvania Rules of Criminal Procedure.

Rule 462 of the Pennsylvania Rules of Criminal Procedure states, when a defendant appeals after the entry of a guilty plea or a conviction by an issuing authority, said issuing authority must file transcripts and other required papers from the lower court. *See Pa. R. Crim. P. 462(a).* Furthermore, Rule 135 of the Pennsylvania Rules of Civil Procedure states a "transcript" before the Issuing Authority must contain (1) the date and place of hearings; (2) the names and addresses of the prosecutor, defendant and witnesses; (3) the names and office addresses of counsel in the proceeding; (4) the charge against the defendant as set forth in the prosecutor's complaint; (5) the date of issuance

7

of any citation, summons or warrant of arrest and the return of service thereon; (6) a statement whether the parties and witnesses were sworn and which of these persons testified; (7) when the defendant was held for court, the amount of bail set; (8) the nature of the bail posted and the name and address of the corporate surety or individual surety; (9) a notation that the defendant has or has not been fingerprinted; (10) a specific descripting of any defect properly raised in accordance with Rule 109; (11) a notation that the defendant was advised of the right to apply for the assignment of counsel; (12) the defendant's plea of guilty or not guilty, the decision that was rendered in the case and the date thereof, and the judgment of sentence and place of confinement, if any; and (13) any other information required by the Rules to be in the Issuing Authority's transcript. *See Pa. R. Crim. P. 135.*

Contrary to Appellant's assertion, a review of the docket clearly reveals "Transcripts from Lower Court Filed" were filed on May 18th, 2015. Filing of the lower court transcripts on May 18th, 2015 satisfies the requirements of Rule 462(a). There is no requirement that the lower court transcripts be forwarded to Appellant or anyone else; rather, the filing of said transcripts satisfies Rule 462(a). In addition, Rule 462(a) does not require objections from the lower court be noted. Finally, "transcripts" from the Issuing Authority does not mean "a typed copy of testimony given orally or an official record of proceedings in a trial or hearing." *See Black's Law Dictionary, 1636 (9th Ed. 2009).*

Therefore, as the Transcripts from the lower court, pursuant to Rule 462(a), were properly filed after Appellant filed his Notice of Summary Conviction Appeal. Therefore, Rule 462(a) of the Pennsylvania Rules of Criminal Procedure was satisfied. Appellant's fifth issue is without merit.

**6. This Trial Court did issue both an oral and written Order at the time of sentencing following Appellant's Summary Conviction Appeal hearing.**

Appellant argues this Trial Court failed to provide Appellant with a written Order or follow the Pennsylvania Rules of Criminal Procedure in that regard.

Rule 462(g) of the Pennsylvania Rules of Criminal Procedure states "at the time of sentencing, the trial judge shall… issue a written order imposing sentence, signed by the trial judge and including

8

the information specified in paragraphs (g)(1) through (g)(3), and a copy of the order shall be given to the defendant." *See Pa. R. Crim. P. 462(g)(4)*.

Appellant's Summary Conviction Appeal hearing was held before this Trial Court on August 5th, 2015. After hearing testimony and receiving evidence from Appellant and the Commonwealth, this Trial Court announced its decision orally from the bench an found Appellant guilty of violation 75 Pa. C. S. §3363(a)(2). The Trial Court imposed the appropriate sentence. Following said hearing, a written Order was prepared and was signed by the undersigned judge. Said Order included the information specified in Rule 462(g)(1) through (g)(3), as it stated (1) the date on which payment of Appellant's fines, costs and fees were due and (2) the right to appeal to the Superior Court within 30 days of the imposition of sentence, and that, if an appeal is filed, the execution of sentence will be stayed.[1] Finally, a copy of this Trial Court's Order was supplied to Appellant via mail.

Therefore, as this Trial Court did issue both an oral and written Order at the time of sentencing, which included the information specified in Rule 462(g)(1) through (g)(3), and a copy of said Order was supplied to Appellant, the requirements of Rule 462(g) of the Pennsylvania Rules of Criminal Procedure were satisfied. Appellant's sixth issue is without merit.

7. **This Trial Court properly granted the Commonwealth's Motion for Continuance of Summary Hearing, filed prior to the scheduled Summary Conviction Appeal hearing with good cause shown, and properly denied Appellant's Motion to Continue, made during the rescheduled Summary Conviction Appeal hearing.**

Rule 106 of the Pennsylvania Rules of Criminal Procedure states "a trial court or issuing authority may, in the interests of justice, grant a continuance, on its own motion, or on the motion of either party." *See Pa. R. Crim. P. 106(a)*. "When the matter is in the court of common pleas, the trial judge shall on the record identify the moving party and state of record the reasons for granting or denying the continuance." *See Pa. R. Crim. P. 106(c)*.

---

[1] As a sentence of imprisonment was not imposed by this Trial Court for Appellant's violation of 75 Pa. C. S. §3362(a)(2), the information specified in Rule 462(g)(3) was not required in this Trial Court's Order dated August 5th, 2015.

9

Furthermore, Rule 462 states:

In appeals from summary proceedings arising under the Vehicle Code or local traffic ordinances, other than parking offenses, the law enforcement officer who observed the alleged offense must appear and testify. The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:
...
(3) The trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

*See Pa. R. Crim. P. 462(c)(3).*

Prior to the originally scheduled Summary Conviction Appeal hearing on July 7th, 2015, Assistant District Attorney Nathaniel E. Strasser filed a Motion to Reschedule Summary Appeal Hearing. In said Motion, Attorney Strasser averred (1) a Summary Conviction Appeal hearing was scheduled for July 7th, 2015; (2) the affiant, Trooper Joshua David Deitle, would be unavailable on this date; and (3) there were no prior continuances in this matter. This Trial Court concluded there was good cause for granting the Commonwealth's Motion as Trooper Deitle was required to appear and testify, pursuant to Pa. R. Crim. P. 462(c); no prior continuances had been granted; and a continuance was necessary in the interest of justice. *Pa. R. Crim. P. 106(a)*. By Order dated June 11th, 2015, this Trial Court granted the Commonwealth's Motion and rescheduled the Summary Conviction Appeal hearing for August 5th, 2015, and a copy of said Order was provided to Appellant via mail.

At the rescheduled Summary Conviction Appeal hearing, after a pause in the middle of the proceedings, Appellant requested a continuance. *See N.T., pg. 38, lines 1-2*. Appellant requested a continuance he had "a lot more evidence to bring into the nature of this case in order to prepare his defense" and he "hadn't been apprised of any crime until now." *Id., pg. 38, lines 15-19*. The Commonwealth's attorney responded by noting Appellant had not stated any "extraordinary circumstance" for continuing the hearing other than not having all of his evidence ready; Appellant was present during the hearing before Magistrate District Judge Carol L. Southwick; and Appellant was provided the citation and all of the paperwork provided to Magistrate District Judge Carol L.

Southwick. *Id., pg. 38, line 23 – pg. 39, line 12*. This Trial Court ultimately denied Appellant's request for a continuance since this Summary Conviction Appeal hearing had already commenced and good cause was not shown by Appellant. *Id., pg. 39, line 13*.

Therefore, the Commonwealth, prior to the initial Summary Conviction Appeal hearing, did show good cause for a continuance. Appellant, during the rescheduled Summary Conviction Appeal hearing, failed to show good cause for a continuance. This Trial Court properly granted the Commonwealth's continuance and properly denied Appellant's request for a continuance. Appellant's seventh issue is without merit.

**8. This Trial Court was not required to recuse herself from Appellant's Summary Conviction Appeal hearing as there was no evidence of impartiality, bias or the appearance of impropriety.**

Rule 2.7 of Chapter 33 "Code of Judicial Conduct" states "a judge shall hear and decide matters assigned to the judge, except where the judge has recused himself or herself or when disqualification is required by Rule 2.11 or other law." *Pa. Code Judicial Conduct 2.7*. Furthermore, Rule 2.11 of Chapter 33 "Code of Judicial Conduct" provides several circumstances where a judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. *See Pa. Code Judicial Conduct 2.11(a)(1)-(6).*[2]

After the Summary Conviction Appeal had commenced, but prior to the commencement of testimony, Appellant indicated the undersigned judge had a responsibility to recuse herself from the instant case. *See N.T., pg. 13, lines 13-15*. The reason behind Appellant's request for the undersigned judge's recusal was an investigation by the Judicial Conduct Board because of a Complaint Appellant filed, of which the undersigned judge had no notice of. *Id., pg. 13, lines 17-22*. After hearing

---

[2] According to Rule 2.11(a), a judge must recuse himself or herself where said judge: (1) has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding; (2) knows they are a party in the proceeding; (3) knows they have an economic interest in the proceedings; (4) knows a party has made contributions to the judge's campaign; (5) made a public statement committing the judge to rule a particular way in the proceeding; or (6) served as an attorney, governmental employee or material witness in the proceeding.

11

Appellant's argument, the undersigned judge did not recuse herself from the instant case. *Id., pg. 14, lines 11-21.*

Appellant did not raise any of the provisions of Rule 2.11(a), which would require the undersigned judge to disqualify or recuse herself from the instant case, at the August 5th, 2015 Summary Conviction Appeal hearing, and does not raise any of the provisions in his "Precise Statement of Matters to be Raised on Appeal." In fact, Appellant only requested the undersigned judge recuse herself because of a Complaint Appellant filed against the undersigned judge, and Appellant did not raise any argument to further support his request for recusal. There are no requirements within Rule 2.11(a) requiring a judge to recuse simply because a litigant has filed a Judicial Conduct Board Complaint against said judge.

Therefore, as Appellant has failed to raise any specific requirement which would have required the undersigned judge to recuse herself from the instant case, other than Appellant's Complaint filed against her, the undersigned judge properly denied Appellant's request for recusal. Appellant's eighth issue is without merit.

### 9. This Trial Court conducted a proper *de novo* Summary Conviction Appeal hearing on August 5th, 2015.

First, Appellant argues the amended citation was not only illegal, but also moot. As stated above numerous times, the amendment of the traffic citation before Magistrate District Judge Carol L. Southwick was proper as the same basic elements were involved and the traffic citation arose from the same factual situation -- Appellant traveling in excess of the maximum speed limit, which was properly timed by a Pennsylvania State Police trooper using an approved speed timing device. *See Pa. R. Crim. P. 109; see also Palmer*, 482 A.2d at 1320. In addition, the amended citation, along with the original citation, were both made part of the record, and it was proper for this Trial Court to consider the amended citation at Appellant's *de novo* proceeding.

12

Second, Appellant argues the Commonwealth's attorney's "intimidating, threatening and coercive" plea negotiations at the Magistrate District Judge level shows deprivation of due process. As stated above, said negotiations were not relevant to the *de novo* hearing before this Trial Court as the plea negotiations had no bearing on Appellant's violation of 75 Pa. C. S. §3362(a)(2). Also, whether the plea negotiations were "intimidating, threatening and coercive" are not relevant as Appellant did not plead guilty before Magistrate District Judge Carol L. Southwick or before this Trial Court.

Third, Appellant argues this Trial Court ignored evidence of the Commonwealth's attorney and the Issuing Authority undertaking *ex parte* communications. Although Trooper Deitle stated he never witnessed the Commonwealth's attorney engage in *ex parte* communications with Magistrate District Judge Carol L. Southwick, *see N.T., pg. 22, line 8 – pg. 23, line 1*, and Appellant did not offer any testimony on direct or cross-examination to refute Trooper Deitle's testimony regarding no *ex parte* communications, this Trial Court concludes any alleged *ex parte* communications are not relevant to Appellant's *de novo* hearing regarding this amended citation at 75 Pa. C. S. §3362(a)(2).

Finally, Appellant argues his original written citation has an area "where fines are delineated, but it does not add up." A review of this Trial Court's Order dated August 5th, 2015, a copy of which was served upon Appellant, clearly indicates the fines, costs and fees imposed after Appellant's Summary Conviction Appeal hearing and when the fines, costs and fees are to be paid.

Therefore, the citation was properly amended and received by this Trial Court, and any plea negotiations, *ex parte* communications and alleged mathematical errors on the citations are not relevant to Appellant's *de novo* hearing regarding his violation of 75 Pa. C. S. §3362(a)(2). Appellant's ninth issue is without merit.

### 10. The Commonwealth has met its burden of proof regarding Appellant's violation of 75 Pa. C. S. §3362(a)(2).

Appellant argues the Commonwealth failed to meet its burden of proof following the Summary Conviction Appeal hearing before this Trial Court.

13

To sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: (1) an accused was driving in excess of the speed limit; (2) the speed timing device was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the Department of Transportation. *Commonwealth v. Kittelberger,* 616 A.2d 1, 3 (Pa. Super. 1992); *see also Commonwealth v. Hamaker,* 541 A.2d 1141, 1142 (Pa. Super. 1988).

Trooper Deitle stated, on March 29th, 2015, he was monitoring traffic speeds along Route 8 in Union City, Pennsylvania. *N.T., pg. 16, lines 5-8.* Trooper Deitle was using a hand-held speed timing device, identified as a Decatur Electronics "Gensis" model with a serial number of GHD17653, to time traffic speeds. *Id., pg. 16, line 17 – pg. 17, line 1.* A Mitsubishi Outlander, black in color and traveling northbound on Route 8, came into the speed timing device's field of influence traveling at initially 73 miles per hour. *Id., pg. 18, line 24 – pg. 19, line 2.* Trooper Deitle discovered the vehicle was being operated by Appellant, whose identity was confirmed by his Pennsylvania Driver's License. *Id., pg. 19, lines 4-7.* Therefore, as Trooper Deitle indicated Appellant was driving in excess of the maximum speed limit, i.e. 73 miles per hour in a 55 mile per hour zone, the first element has been sustained.

In sustaining its burden of proof, the Commonwealth need not produce a certificate from PennDOT which expressly indicates approval of a particular speed timing device; rather, the Pennsylvania Legislature has considerably lessened the Commonwealth's evidentiary burden by enabling a trial court to take judicial notice of the fact that the device has been approved by PennDOT, provided that the approval has been published in the Pennsylvania Bulletin. *Kittelberger,* 616 A.2d at 3. According to 44 Pa. Bulletin 8064, dated December 27th, 2014, the Genesis GHD model hand-held speed timing device, manufactured by Decatur Electronics, has been approved for use by the Pennsylvania State Police. *See. 44 Pa.B. 8064.* Therefore, as this Trial Court may take judicial notice

14

of the notice of approved speed timing devices, published in the Pennsylvania Bulletin, the second element has been satisfied.

A certificate from the station showing that the calibration and test were made within the required period and that the device was accurate shall be competent and prima facie evidence of those facts in every proceeding in which a violation of this title is charged. *75 Pa. C. S. 3368(d)*. The Commonwealth offered a copy of the Certificate of Accuracy for the particular speed timing device used by Trooper Deitle on March 29th, 2015 as Commonwealth's Exhibit A. *N.T., pg. 18, lines 3-5*. Said Certificate stated the Genesis GHD model hand-held speed timing device used by Trooper Deitle was last calibrated for accuracy on October 22nd, 2014 and was signed by the individuals who completed the testing. *Id., pg. 18, lines 6-13*. Finally, Appellant's own subpoenaed witness, James Bonaparte of WISCO Calibration Services[3] who signs all of the calibration certificates for "this side of the State," stated he signed the Certificate of Accuracy as an individual qualified to calibrate said devices. *Id., pg. 47, line 16 – pg. 49, line 2*. Mr. Bonaparte stated the only qualification the Commonwealth of Pennsylvania requires for calibrating speed timing devices in the acquisition of an electrical engineering degree, which Mr. Bonaparte has attained. *N.T., pg. 49, lines 3-15*. Based upon Appellant's own questioning, Mr. Bonaparte stated there was no possibility of operator error with the hand-held speed timing device Trooper Deitle was using on March 29th, 2015, either at a distance or on a hill. *Id., pg. 50, lines 2-20*. Therefore, based upon the Certificate of Accuracy and the testimony of James Bonaparte, the third element has been sustained.

The Commonwealth has shown beyond a reasonable doubt that: (1) Appellant was driving in excess of the speed limit; (2) the speed timing device used by Trooper Deitle to time Appellant's speed was approved by the Department of Transportation; and (3) said device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the Department of

---

[3] 44 Pa. Bulletin 8064 also states that Wisco Calibration Services, Inc., 820 Washington Boulevard, Pittsburgh, Allegheny County, PA 15206, was appointed as an official Electronic Device Testing Stations for radar devices used by members of the Pennsylvania State Police on July 14th, 1999 as Station R10. *See 44 Pa.B. 8064*.

Transportation. The Commonwealth met its burden of proof regarding Appellant's violation of 75 Pa. C. S. §3362(a)(2). Appellant's tenth issue is without merit.

## III.  Conclusion

For all of the foregoing reasons, this Trial Court concludes the instant appeal is without merit and respectfully requests the Pennsylvania Superior Court affirm its Order dated August 5th, 2015.

BY THE COURT:

Stephanie Domitrovich, Judge

cc:  Frederick W. Karash, 21 Center Street, Apt. #1, North East, PA 16428
Nathaniel E. Strasser, Assistant District Attorney

16