**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Joshua N. FIELDLER, Appellant.**

Superior Court of Pennsylvania.

Argued May 23, 2007.

Filed Aug. 22, 2007.

Timothy P. Dawson, Adamsurg, for appellant.

John W. Peck, II, Dist. Atty., and Rebecca L. Calisti, Asst. Dist. Atty., for Com., appellee.

BEFORE: HUDOCK, TODD, and TAMILIA, JJ.

OPINION BY TODD, J.:

¶ 1 Joshua Fieldler appeals the judgment of sentence imposed by the Honorable Charles H. Loughran, Senior Judge of the Westmoreland County Court of Common Pleas, after he was convicted of four Motor Vehicle Code summary offenses: reckless driving;[1] careless driving;[2] speeding;[3] and roadways laned for traffic.[4] Upon review, we affirm.

¶ 2 On February 6, 2005, Appellant was operating a black 2–door Nissan sedan on Donahue Road in Unity Township, Westmoreland County, when he realized that he was driving too fast to negotiate a curve in the road, and, after swerving to the right in an effort to make the turn, skidded across the center line and collided with the left side of an oncoming vehicle operated by James Singley. As a result of the impact, Singley's vehicle rolled over several times.

¶ 3 Pennsylvania State Trooper Craig Polinski responded to the scene shortly after the accident and, as a result of his observations at the scene and discussions with Appellant, Appellant was charged with the above summary offenses. He was convicted of the offenses by a magistrate and proceeded to a *de novo* hearing before Judge Loughran on March 23, 2006.

¶ 4 At the hearing, the Commonwealth presented the testimony of Trooper Polin-ski, who stated that he responded to the accident after receiving a radio call and observed both vehicles in their final resting places after the accident. He described that Appellant's vehicle had crossed the center line and had severe front end damage. (N.T. Hearing, 3/23/06, at 9–10.) He further stated that he observed lengthy black tire marks on the roadway originating in the eastbound lane and extending across the road to where Appellant's vehicle had come to rest. (*Id.* at 10.) He testified that the length of these tire marks was 124 feet. (*Id.* at 17.) He added that the Singley vehicle had severe damage to its left side extending toward the rear. (*Id.* at 11.)

¶ 5 Trooper Polinski stated that when he spoke with Appellant at the scene, Appellant admitted to the trooper that he was driving 70 miles-per-hour before the accident and realized, too late, that he was going too fast. (*Id.* at 11, 20.) The trooper testified that the speed limit on that stretch of road was 45 miles per hour. (*Id.* at 11.) He further observed that Appellant was not injured. (*Id.*)

¶ 6 On cross-examination, Trooper Polinski testified that he compiled the information for his police report at the accident scene. (*Id.* at 23.) He further stated that Appellant was cooperative with the accident investigation and did not appear to be under the influence of drugs or alcohol at the time of the accident. (*Id.* at 24.)

¶ 7 Singley testified that he was operating a minivan in the opposite direction on Donahue Road at a speed of 35 miles per hour, with his two young sons sitting in the back seat, when Appellant's vehicle came

---

1.  75 Pa.C.S.A. § 3736.

2.  75 Pa.C.S.A. § 3714.

3.  75 Pa.C.S.A. § 3362.

4.  75 Pa.C.S.A. § 3309

around a blind curve in the road, crossed the center line, and headed toward the left side of Singley's vehicle. (*Id.* at 29–30.) In an effort to avoid Appellant's vehicle, Singley swerved to the right. Appellant's vehicle still hit Singley's van, causing it to leave the roadway and roll over several times. (*Id.* at 30.) Singley described that, after his vehicle stopped rolling and landed on its roof, he looked back and could see his 10-year-old son hanging upside down in his seat belt. (*Id.* at 37.)

¶ 8 Appellant testified that, on the date in question, he was not traveling home on his normal route and was not familiar with Donahue Road. (*Id.* at 43.) He recalled that as he approached the bend in the road where the accident occurred, he realized that he was going too fast to make the turn and slammed on his brakes while trying to turn the car toward the right. Instead, unable to control the car, he skidded to the left, across the center line, and into Singley's car. (*Id.* at 44.) He added that he did not remember telling Trooper Polinski at the scene that he was driving 70 miles per hour before the collision. (*Id.* at 46.) On cross-examination, he admitted that he was traveling somewhere between 55 and 70 miles per hour. (*Id.* at 48–49.)

¶ 9 In closing, Appellant's counsel conceded that the traffic citations issued to Appellant for careless driving, speeding, and roadways laned for traffic, were all appropriate. (*Id.* at 53.) He argued, though, that the record did not support a conviction for reckless driving based on the Commonwealth's failure to present sufficient evidence of *mens rea* on Appellant's part. (*Id.* at 53.) At the conclusion of the hearing, Judge Loughran found the evidence presented by the Commonwealth was sufficient to support all of Appellant's convictions and imposed fines and costs for each citation. (*Id.* at 55.) Appellant timely appealed asking us only to consider whether the evidence was sufficient to support his summary conviction of reckless driving. (Appellant's Brief at 2.)

¶ 10 When presented with a claim that the evidence was insufficient to sustain a conviction,

> an appellate court, viewing all the evidence and reasonable inferences therefrom in the light most favorable to the Commonwealth as the verdict winner, must determine whether the evidence was sufficient to enable the fact finder to find that all of the elements of the offenses were established beyond a reasonable doubt.

*Commonwealth v. Hawkins,* 549 Pa. 352, 366 701 A.2d 492, 499 (1997). Furthermore, "[t]he Commonwealth may sustain its burden by proving the crime's elements with evidence which is entirely circumstantial and the trier of fact, who determines credibility of witnesses and the weight to give the evidence produced, is free to believe all, part, or none of the evidence." *Commonwealth v. Brown,* 701 A.2d 252, 254 (Pa.Super.1997) (citations omitted).

¶ 11 Appellant was convicted of reckless driving under Section 3736 of the Motor Vehicle Code, which provides that "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." 75 Pa.C.S.A. § 3736.

¶ 12 Appellant argues that the facts presented do not support his conviction because no evidence was presented that his conduct was "willful or wanton." (Appellant's Brief at 7.) He argues, relying on our holding in *Commonwealth v. Greenberg,* 885 A.2d 1025 (Pa.Super.2005), that the record in the present case fails to demonstrate that his conduct rose to the level necessary for a finding of reckless driving. (Appellant's Brief at 7–8.)

¶ 13 In *Greenberg,* the appellant conceded that he was driving approximately 20 miles over the speed limit and, therefore, could not properly negotiate a sharp turn in the road. *Greenberg,* 885 A.2d at 1026. In attempting to control his vehicle, he spun across two lanes of travel and collided with an oncoming car. *Id.* He was cited for reckless driving and, following a *de novo* nonjury trial, he was convicted and fined. On appeal to this Court, we held that Appellant's conduct in driving too fast for the road conditions did not rise to the level of recklessness, or *mens rea,* required by the reckless driving statute. *Id.* at 1026–27.

¶ 14 In discussing the reckless driving statute, we noted that the statute requires "something more than ordinary negligence" and that the presence of the separate, lesser offense of careless driving in the Motor Vehicle Code demonstrated that, to prove that a driver was reckless, it must be shown that his driving was "a gross departure from prudent driving standards." *Id.* at 1027. We held, based on the facts in that case, that the appellant's driving "did not meet the standard for a finding of willful and wanton disregard for the safety of others or property." *Id.* at 1028. We reasoned that, although the appellant was proceeding too fast for conditions, because he was traveling on a four-lane highway in a suburban area, there was no indication that he was traveling so fast as to create a high probability that a motor vehicle accident would occur. We further opined, particularly in light of the fact that the kind of roadway involved frequently possesses a speed limit of 55 miles-per-hour, that many drivers travel at that rate of speed without a resulting vehicle accident. Thus, we found that the appellant's speed "was not so excessive to qualify as a willful and wanton disregard for the safety of others," *id.,* and determined that, because the appellant's speed

was not so excessive as to itself create a high risk of an accident, there was insufficient evidence of a "conscious disregard for the danger being created"—an essential element to demonstrate willful and wanton conduct. *Id.* at 1030.

¶ 15 In response to Appellant's oral argument that the facts of the present case are so similar to those in *Greenberg* that a reckless driving conviction cannot be supported here, the trial judge responded:

I personally believe that the rate of speed this young man was traveling on this highway causing this kind of damage with these kinds of warnings on the highway and so forth about speed, I think this case is definitely not the *Greenberg* case.

He was traveling so fast as to create a high probability that a motor vehicle accident would occur. That's in this case. He was traveling so excessively [as] to qualify as a willful and wanton disregard of safety for others. That's this case.

To say that as the case law demonstrates reckless driving requires driving that not only grossly deviates from ordinary prudence but also creates a substantial risk that property damage or personal injury will follow.

I think that's this case. It is also necessary that the driver reflect a conscious disregard for the danger being created by the reckless driving. I think that's this case.

I think your client's admission and the circumstances that are reflected in these pictures clearly demonstrate this is a case of reckless disregard.

(N.T. Hearing, 3/23/06, at 54.) The trial court reasoned that, in driving at a speed of 70 miles-per-hour, far in excess of the posted speed limit of 45 miles-per-hour, Appellant created a far greater probability

that an accident would occur than did the appellant in *Greenberg.* (N.T. Hearing, 3/23/06, at 54.) We agree.

¶ 16 We find, as did the trial court, that, in contrast with the appellant in *Greenberg,* Appellant demonstrated willful or wanton disregard for the safety of persons or property in driving his vehicle at 70 miles-per-hour around a blind curve. Accordingly, finding the evidence presented by the Commonwealth to be sufficient to support Appellant's reckless driving conviction, we affirm his judgment of sentence.

¶ 17 Judgment of sentence AFFIRMED.