J-S60040-16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY IRIS-WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 2658 EDA 2015 |

Appeal from the Judgment of Sentence August 14, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-SA-0001182-2015

BEFORE:    SHOGAN, OTT, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED OCTOBER 21, 2016**

Jeremy Iris-Williams (Appellant) appeals from the judgment of sentence imposed following his conviction for reckless driving. Upon review, we affirm.

Appellant was cited for the aforementioned offense on January 20, 2015, after Police Officer John Kelly observed Appellant speeding and changing multiple lanes without signaling on Interstate 95 in Philadelphia. After Appellant was found guilty in the traffic division of the Philadelphia municipal court, he filed a notice of appeal to the trial court. On May 20, 2015, both parties appeared before the trial court. Although counsel for the Commonwealth believed she was appearing for a status conference and the trial court had the date "listed as a status date," counsel for Appellant believed that they were present for trial. N.T., 5/20/2015, at 4-5. In

*Retired Senior Judge assigned to the Superior Court.

support of his position, counsel for Appellant pointed to the hearing notice on the lower portion of the notice of appeal, which provided as follows:

☐ A status or settlement conference is scheduled as provided below.

☒ A *de novo* trial is scheduled as provided below. Law enforcement officer to be subpoenaed. Continuances subject to Rule 106.

5-20-15, at 9 AM[] in Courtroom D, 800 Spring Garden St., Philadelphia, PA 19123.

Notice of Appeal from Summary Conviction — Traffic and Hearing Notice, 4/13/2015. The word "Trial" was also handwritten on the document. *Id.*

Based on the above and the fact that the Commonwealth had not subpoenaed Officer Kelly, Appellant moved for dismissal of the reckless-driving charge. N.T., 5/20/2015, at 4. The Commonwealth, on the other hand, asked for a continuance, to which Appellant objected. *Id.* at 5. The trial court granted the Commonwealth's request on the basis that the listing was "the first listing." *Id.*

A trial was eventually held on August 14, 2015,[1] prior to which Appellant "object[ed] to the Commonwealth calling any witnesses in this case" on the basis that Officer Kelly failed to appear at the May 20, 2015 proceeding. N.T., 8/14/2015, at 4-5. Following an off-the-record discussion, the trial court stated that the "motion to dismiss is denied,"

---

[1] The judge presiding at the May 20, 2015 proceeding was not the same judge who presided at the August 14, 2015 trial.

explaining that "[t]he first listing, in most cases, is a status listing," that the court had "a right to have a status listing under [the] rules,"[2] and that the listing "was actually a status listing."[3] *Id.* at 5-6.

Following arraignment, Appellant objected to Officer Kelly's being called as a witness to no avail. Officer Kelly then provided the following testimony, as summarized by the trial court:

> [Officer Kelly] testified that he was traveling northbound on Interstate 95 in a police vehicle on January 20, 2015 at approximately 6:58 a.m. near the Girard Avenue exit. The police vehicle had no overhead lights, but had police decals on its side. He noted that Interstate 95 is a multi-lane highway with a speed limit of 55 m.p.h., except for a portion in a construction area where the speed limit was 45 m.p.h. [Officer Kelly] explained that there was heavy traffic and vehicles traveling in all lanes. There were, however, gaps in between the vehicles.
>
> It was near the Girard Avenue exit that [Officer Kelly] observed [a] gray Lexus pass him on the right at an extremely high rate of speed. [Officer Kelly] then saw the Lexus approaching other vehicles from the rear before changing multiple lanes in one motion without signaling. At times, the Lexus moved from the extreme right lane to the extreme left lane without signaling.

---

[2] ***See*** Pa.R.Crim.P. 1037(A) ("When a defendant appeals after the entry of a guilty plea or a conviction in any Traffic Division summary proceeding, upon the filing of the transcript and other papers by the Traffic Division, the Court of Common Pleas may schedule a status or settlement conference prior to the *de novo* summary trial.").

[3] In its opinion issued pursuant to Pa.R.A.P. 1925(a), the trial court further explained that, although this procedure has since been modified, "all cases at the time of this case's first listing were scheduled for a status conference to see if the Commonwealth was going to make an offer that would be accepted by a defendant and result in a guilty plea." Trial Court Opinion, 10/21/2015, at 4 & n.2.

After [Officer Kelly] got behind the Lexus, he engaged his tracker in pace mode. When he believed that the situation had become too dangerous, [Officer Kelly] clicked his tracker out and saw that the speed was 90.8 mph. [Officer Kelly] pulled the Lexus over near the Betsy Ross Bridge exit. [Appellant] was the operator of the Lexus.

Trial Court Opinion, 10/21/2015, at 2-3 (citations omitted). Based on the foregoing, Appellant was convicted of reckless driving and sentenced to pay mandatory costs and fines. This appeal followed.

On appeal, Appellant presents the following questions for our consideration:

1. Whether the trial court erred in denying Appellant's motion to dismiss the charge for the affiant's failure to appear at the first listing or in failing to preclude the police officer from testifying at the second listing since the Commonwealth's failure to subpoena the officer was not a valid basis upon which a continuance may be granted.

2. Whether the second trial court erred in denying [Appellant's] demurrer and in adjudicating [Appellant] guilty where the Commonwealth failed to establish the elements of reckless driving under the totality of the circumstances.

3. Whether the second trial court erred in denying [Appellant's] demurrer and in adjudicating [Appellant] guilty where the police officer testified that the charge of reckless driving was predicated upon [Appellant] exceeding the speed limit by 45 mph where the Commonwealth rested without presenting any evidence attesting to the calibration and accuracy of the speed timing device and that the device and testing station were approved by the Department of Transportation.

Appellant's Brief at 4 (unnecessary capitalization and answers omitted).

In his first issue, Appellant takes the position that the matter was listed for trial, and not a status conference, on May 20, 2015. Appellant's

Brief at 8-12. Appellant further contends that because the May 20, 2015 listing was a trial listing, the trial court erred in denying Appellant's motion to dismiss the reckless-driving charge or in failing to preclude Officer Kelly from testifying at the later trial because Officer Kelly failed to appear and testify on May 20, 2015 without good cause. **_Id._**

It is apparent from the record that there was confusion among the parties and the trial court as to whether they were present for a status conference or trial on May 20, 2015. Assuming that the matter was scheduled for trial and that Pa.R.Crim.P. 1037(C)[4] was implicated due to Officer Kelly's absence, we conclude that the trial court properly continued the matter for the reasons set forth below.

Rule 1037(C) provides, in relevant part, as follows:

(C) In appeals from Traffic Division summary proceedings, the law enforcement officer who observed the alleged offense must appear and testify. The failure of a law enforcement officer to appear and testify shall result in the dismissal of the charges unless:

\*\*\*

(3) the trial judge determines that good cause exists for the law enforcement officer's unavailability and grants a continuance.

---

[4] Although the parties and the trial court cite to Rule 462(c), we note that Rule 1037 "was adopted in 2009 to provide the procedures for appeals from the Traffic Division to the Court of Common Pleas of the First Judicial District. Except as provided in this rule, the procedures of Rules 460, 461, and 462, governing appeals for a trial _de novo_ in summary cases shall apply to summary case appeals Traffic Division." Pa.R.Crim.P. 1037 Cmt.

Pa.R.Crim.P. 1037(c).

With respect to the exception listed in Rule 1037(c)(3), Appellant argues that the Commonwealth's failure to subpoena Officer Kelly based on its belief that the matter was scheduled for a status conference rather than trial on May 20, 2015, does not constitute good cause to grant a continuance. Appellant's Brief at 8-10. Appellant argues that the Commonwealth's belief was contrary to the evidence, as the hearing notice clearly reflects that a trial was scheduled for that date based on the appropriate box being checked and the word "trial" being written "in plain lettering across the face of the notice." *Id.* at 9-10. Appellant further argues that any notion that the wrong box on the hearing notice was mistakenly checked is not supported by the record, and the trial court's reasoning as it relates to its prior practice of scheduling all first listings as status conferences does not provide proper justification for its decision. *Id.* at 10-12.

A review of the May 20, 2015 transcript clearly reveals that the Commonwealth was under the impression that the matter was listed for a status conference. Indeed, it explained that it "believe[d May 20, 2015] was a status date" and that it was not "notified that [May 20, 2015] was a trial date so [it] did not have [Officer Kelly] subpoenaed." *Id.* at 4-5. Perhaps more importantly, the trial court observed that it also "ha[d May 20, 2015,] listed as a status date." *Id.* at 4. Moreover, it is apparent from the record

that the listing on May 20, 2015 was the first listing, and that the trial court had a practice of having the first listing as a status listing. *Id.* at 4-5; N.T., 8/14/2015, at 5; TCO, 10/21/2015, at 4 & n.2. Thus, notwithstanding the information contained in the hearing notice and Appellant's belief that the matter was listed for trial based on that notice, we discern no error in the trial court's determination that good cause existed for Officer Kelly's absence at the May 20, 2015 proceeding. Appellant is not entitled to a windfall due to a misunderstanding among the parties and the trial court. No relief is due.

In his second and third issues, Appellant claims that the trial court erred in denying his demurrer and finding him guilty of reckless driving. We treat Appellant's issues as a single challenge to the sufficiency of the evidence to support his conviction.[5]

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude

---

[5] *See* Pa.R.Crim.P. 606(A)(1), (7) (permitting challenges to the sufficiency of the evidence to be presented in numerous ways, including by making a motion for judgment of acquittal at the close of the Commonwealth's case-in-chief and by raising the issue on appeal). Here, Appellant "demur[red]" at the close of the Commonwealth's case, and the demurrer was denied. N.T., 8/14/2015, at 18-20. We note that the term "demurrer" was discarded in 1993 in favor of the standardized term "motion for judgment of acquittal," but that inadvertent use of the word "demurrer" does not affect an otherwise valid sufficiency challenge. Pa.R.Crim.P. 606 Cmt.

every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

Pursuant to 75 Pa.C.S. § 3736(a), "[a]ny person who drives any vehicle in willful or wanton disregard for the safety of persons or property is guilty of reckless driving." This Court has determined that

> the *mens rea* necessary to support the offense of reckless driving is a requirement that Appellant drove in such a manner that there existed a substantial risk that injury would result from his driving, i.e., a high probability that a motor vehicle accident would result from driving in that manner, that he was aware of that risk and yet continued to drive in such a manner, in essence, callously disregarding the risk he was creating by his own reckless driving.

> ***

> [R]eckless driving requires driving that not only grossly deviates from ordinary prudence but also creates a substantial risk that property damage or personal injury will follow. It is also necessary that the driving reflect a **conscious disregard** for the danger being created by the reckless driving.

*Commonwealth v. Greenberg*, 885 A.2d 1025, 1027-30 (Pa. Super. 2005) (emphasis in original) (quoting *Commonwealth v. Bullick*, 830 A.2d 998, 1003 (Pa. Super 2003)).

Relying upon this Court's decision in **_Greenberg_**, Appellant first contends that although the Commonwealth could have charged him with lesser offenses such as failing to use a turn signal and/or careless driving, the Commonwealth failed to prove that Appellant's conduct was "willful or wanton." Appellant's Brief at 13-15. We disagree and, in so doing, find this Court's decision in **_Commonwealth v. Fieldler_**, 931 A.2d 745 (Pa. Super. 2007), to be instructive. Therein, Fieldler was driving a vehicle on a road in Westmoreland County when he realized that he was going too fast to negotiate a curve in the road, swerved to the right, skidded across the center line, and collided with an oncoming vehicle, causing the other vehicle to roll over several times. **_Id._** at 746. Appellant was charged and convicted of, _inter alia_, reckless driving. **_Id._** On appeal, Fieldler challenged the sufficiency of the evidence to support that conviction and, like Appellant, relied upon **_Greenberg_** to argue that his conduct was not "willful or wanton." **_Id._** at 747.

In addressing Fieldler's claim, this Court stated as follows.

> In **_Greenberg_**_,_ the appellant conceded that he was driving approximately 20 miles over the speed limit and, therefore, could not properly negotiate a sharp turn in the road. In attempting to control his vehicle, he spun across two lanes of travel and collided with an oncoming car. He was cited for reckless driving and, following a _de novo_ nonjury trial, he was convicted and fined. On appeal to this Court, we held that Appellant's conduct in driving too fast for the road conditions did not rise to the level of recklessness, or _mens rea,_ required by the reckless driving statute.

In discussing the reckless driving statute, we noted that the statute requires "something more than ordinary negligence" and that the presence of the separate, lesser offense of careless driving in the Motor Vehicle Code demonstrated that, to prove that a driver was reckless, it must be shown that his driving was "a gross departure from prudent driving standards." We held, based on the facts in that case, that the appellant's driving "did not meet the standard for a finding of willful and wanton disregard for the safety of others or property." We reasoned that, although the appellant was proceeding too fast for conditions, because he was traveling on a four-lane highway in a suburban area, there was no indication that he was traveling so fast as to create a high probability that a motor vehicle accident would occur. We further opined, particularly in light of the fact that the kind of roadway involved frequently possesses a speed limit of 55 miles-per-hour, that many drivers travel at that rate of speed without a resulting vehicle accident. Thus, we found that the appellant's speed "was not so excessive to qualify as a willful and wanton disregard for the safety of others," and determined that, because the appellant's speed was not so excessive as to itself create a high risk of an accident, there was insufficient evidence of a "conscious disregard for the danger being created"—an essential element to demonstrate willful and wanton conduct.

\*\*\*

[Here, t]he trial court reasoned that, in driving at a speed of 70 miles-per-hour, far in excess of the posted speed limit of 45 miles-per-hour, [Fieldler] created a far greater probability that an accident would occur than did the appellant in *Greenberg*. We agree.

We find, as did the trial court, that, in contrast with the appellant in *Greenberg*, [Fieldler] demonstrated willful or wanton disregard for the safety of persons or property in driving his vehicle at 70 miles-per-hour around a blind curve.

*Fieldler*, 931 A.2d at 748-49 (citations omitted).

This case is more akin to *Fieldler* than to *Greenberg*. As demonstrated by Officer Kelly's testimony summarized above, Appellant

traveled on a multi-lane highway at an extreme speed, at one point reaching 90.8 m.p.h., almost double the speed limit. N.T., 8/14/2015, at 11-12. The portion of the highway at issue in this case was steady with traffic, as it was "during the rush hour," and included construction. *Id.* While Appellant was driving, he "approach[ed] other vehicles from the rear at an extremely high rate of speed" and was changing multiple lanes, sometimes crossing "from the extreme right lane to the extreme left lane" in one movement, without signaling. *Id.* Under these circumstances, Appellant's conduct demonstrated a willful or wanton disregard for the safety of persons or property. *See Commonwealth v. Schmitzer*, 428 A.2d 610, 613-14 (Pa. Super. 1981) (sustaining a reckless driving conviction where the driver testified that he was going twenty-five miles per hour in what he knew was a school zone with a speed limit of fifteen miles per hour at a time when children were in the area and vehicular traffic was heavy).[6]

Appellant next challenges the sufficiency of the evidence to support his conviction on the basis that the Commonwealth failed to present "any evidence attesting to the calibration and accuracy of the speed timing device and that the device and testing station were approved by the department of transportation." Appellant's Brief at 16. Appellant's argument is premised on 75 Pa.C.S. § 3368(d) (relating to classification, approval and testing of

---

[6] Moreover, "it is no defense that there was no injury or that appellant's reckless driving also constituted a violation of some other section of the Vehicle Code." *Schmitzer*, 428 A.2d at 614.

mechanical, electrical, and electronic devices), and ***Commonwealth v. Kaufman***, 849 A.2d 1258, 1259 (Pa. Super. 2004) (explaining that "[t]o sustain a conviction for speeding, the Commonwealth must show beyond a reasonable doubt that: … (2) the speed timing device used by the officer was approved by the Department of Transportation; and (3) the device was calibrated and tested for accuracy within the prescribed time period by a station which has been approved by the department.").

Appellant essentially contends that because the charge was predicated in part on Appellant's having been tracked going 90.8 m.p.h., the Commonwealth should have the burden to show that the device used by Officer Kelly was properly approved, calibrated, and tested for accuracy and that it did not do so herein. Appellant's Brief at 17. However, we point out, and Appellant concedes, that he was not charged with a speeding violation. Moreover, Appellant cites no authority in support of his argument that we should impose the above requirements regarding speed-timing devices in relation to the offense of reckless driving. Thus, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 10/21/2016